



FILED

JUN − 2 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*FOR PUBLICATION*[1]

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re                                              )      Case No.  10-28544-E-13
                                                   )
RAJ SINGH,                                         )
                                                   )
                    Debtor.                        )
_____ )

## MEMORANDUM OPINION AND DECISION
## DENYING MOTION TO VACATE PREFILING REVIEW ORDER

This court issued a Prefiling Review Order, Dckt. 182,[2] in December 2011 ("Prefiling Review Order"), that requires Raj Singh, the Chapter 13 debtor in this case and other prior cases, to obtain authorization to file a new bankruptcy from the chief bankruptcy judge[3] in the district in which Raj Singh seeks to commence a future bankruptcy case during the eight-year period commencing on December 11, 2011.  The court's ruling for issuing the Prefiling Review Order (Civil Minutes, Dckt. 130, "Prefiling Ruling") discusses in detail the improper conduct of Raj Singh

---

[1]  The court does not include the Appendix in the portion of this ruling for publication due to its length (38 pages).  The Appendix may be obtained from the court files.

[2]  The Order was amended on February 14, 2012, to remove the requirement that Raj Singh pay all of the filing fees for his prior cases and barred Raj Singh from seeking a fee waiver or fee installment authorization in a subsequent bankruptcy case during the eight-year period.

[3]  The designation of having the chief judge in the District reviewing the motion for leave to file after reviewing the bankruptcy documents was to ensure that Raj Singh would have another judge, not the judge issuing the Prefiling Review Order, consider such motion.  Since the judge who issued the Prefiling Review Order is now the chief bankruptcy judge in this District, consideration of a future motion for leave to file another bankruptcy case will be assigned to one of the former chief judges or another judge (if a former chief judge is not available) in this District.

which was the basis for the court determining that it was necessary and proper to issue the Prefiling Review Order.

Raj Singh filed a Motion to Vacate the Prefiling Review Order. Dckt. 209. The court finds that the arguments presented in the Motion to Vacate and stated by Raj Singh at the hearing for the Motion to Vacate are unpersuasive and not credible. Raj Singh continues to ignore the seriousness of his litigation misconduct and the great burden his meritless actions (bankruptcy cases, adversary proceedings, and contested matters) impose on other parties and the court. Rather, the Motion to Vacate and Raj Singh's arguments at the hearing are grounded in what appears to be Raj Singh's continuing need to use, and abuse, the bankruptcy laws and federal courts as a forum for repeated feckless litigation.

The Motion to Vacate is denied, with the court's findings of fact and conclusions of law stated in the Memorandum Opinion and Decision.[4]

## OVERVIEW OF LITIGATION BY RAJ SINGH
## AND UNDISCLOSED ALIASES

Raj Singh, as discussed in this Memorandum Opinion and Decision, has been a prolific litigant in this court, pursuing multiple meritless actions. In addition to this bankruptcy court, Raj Singh has repeatedly commenced proceedings in the federal courts and California state courts ("State Courts"), both trial and appellate, to use, and abuse, those courts against his adversaries. In his litigation prosecuted in various forums, Raj Singh advances legally complex, though meritless, arguments. While Raj Singh asserts meritless claims, it is clear that he is a very intelligent person and is not filing the pleadings in error or based on a misunderstanding or non-understanding of the law. Rather, Raj Singh's pleadings demonstrate that he is conversant with federal and state statutory, common law, and complex Federal Constitutional concepts.

From a review of the United States District Court for the Eastern District of California

---

[4] Due to Raj Singh's unavailability pursuant to order of the United States District Court, the court has withheld issuing the ruling and order, which would have commenced the running of the appeal period while Raj Singh may have been unable to act upon his rights. E.D. Cal. No. 15-cv-00287; April 7, 2016 Minute Order to Remand into custody, Dckt. 54, and May 5, 2016 Order for Release from Custody, Dckt. 65.

("District Court") files, Raj Singh's active, extreme litigation activities are not a thing of the past, but his ongoing "advocation." This court has determined from reviewing the District Court files that Raj Singh has been, and is, pursuing multiple (and duplicative) actions in the District Court.

**Use of Undisclosed Aliases to Prosecute Litigation**

Litigation is and has been pursued by Raj Singh using various names and aliases. As admitted by Raj Singh under penalty of perjury in his bankruptcy petition in this case, Raj Singh has "Many" aliases. Petition, Dckt. 1. Though the bankruptcy petition requires the actual names for all of the aliases used by a Debtor to be disclosed, Raj Singh could only answer the question with only: "Many, Short form 'R. Singh.'" *Id.* One inference which could be drawn from only stating "Many," is that Raj Singh has lost track of all the aliases he has used in pursuing litigation and business dealings. Another possible inference is that Raj Singh is intentionally refusing to disclose the names of his "Many" aliases to mislead this court and other courts in which he is pursuing litigation.

A review of the District Court files shows that Raj Singh has and is using the following aliases in his litigation in the District Court:

(1) Ram Singh, and

(2) Raghvendra Singh.

Additionally, through the litigation prosecuted by Raj Singh in this court, it has been disclosed that the California State Courts ("State Courts") have, by final orders and judgments, determined that Raj Singh used the following additional aliases:

(3) Suman Mehta,

(4) Kaus Singh, and

(5) Archana Singh.[5]

While Raj Singh may continue to assert his contention that "no matter what a court says, he is not a person he is not," the State Courts have determined that Raj Singh has used the aliases Suman Mehta, Kaus Singh, and Archana Singh. *Singh v. Lipworth*, 227 Cal. App. 4th 813 (2014). To the extent that Raj Singh contends that there are other persons with those names who may exist,

---

[5] The specific actions in which the various aliases have or are being used are identified *supra* or the Addendum hereto.

3

that does not change the factual determination made by the State Courts that Raj Singh uses those three aliases for himself.

## BANKRUPTCY COURT LITIGATION

A review of Raj Singh's bankruptcy court litigation, which culminated with the issuance of the Prefiling Review Order, is summarized as follows. Attached to this Ruling as Appendix A is a detailed review, including quotations from pleadings and rulings in this court, to ensure that this Memorandum Opinion and Decision provides a unified analysis of Raj Singh's litigation through multiple bankruptcy cases, adversary proceedings, and contested matters.

**I.    09-44480, Raj Singh Chapter 13 Case ("First Chapter 13 Case")**

Raj Singh's first Chapter 13 case was filed on November 9, 2009, and dismissed on November 25, 2009. On the Petition, Raj Singh failed to disclose the various aliases used in the eight years preceding the commencement of the case, but stated under penalty of perjury that there were, "Many." Bankr. E. D. Cal. Case No. 09-44480, Dckt. 1. Raj Singh further failed to state a required residence or mailing address, but instead provided only a "General Delivery, Sacramento, California" address. *Id.*

**Motion Barring Unnamed Creditor From Asserting Rights**

In this First Chapter 13 case, Raj Singh filed a motion titled "Motion for Order Barring Creditor to Claim Ownership of Subject Property and Request for Stay." *Id.*, Dckts. 9 and 11 (versions of Motion filed twice). The motion improperly failed to name an opposing party, failed to identify any specific property, and improperly sought an *ex parte* injunction anonymously against anyone and everyone in the world.

**II.    09-45778, Raj Singh Chapter 13 Case ("Second Chapter 13 Case")**

When the First Chapter 13 Case was dismissed, Raj Singh immediately filed his Second Chapter 13 Case on November 24, 2009. The Second Chapter 13 Case was dismissed on April 5, 2010. In dismissing the Second Chapter 13 Case, the court's findings included the following:

A.    Raj Singh's contention that the Chapter 13 Trustee lacked standing to file a motion to dismiss the bankruptcy case was without merit;

B.    Raj Singh demonstrated a wholesale failure or intentional disregard of complying with his obligations under the Bankruptcy Code.

4

C.      Further, in addition to the proposed Chapter 13 Plans being facially defective, Raj Singh filed defective documents, including the Petition, Schedules, Form 22C, and Statement of Financial Affairs.

D.      The court concluded that this conduct was intentional by Raj Singh.

E.      Rather than a Chapter 13 bankruptcy restructure, the court concluded that Raj Singh was attempting to misuse the bankruptcy court to improperly attempt and relitigate with Stephen Lipworth the existing final state court judgments.

This court found that Raj Singh was "[c]learly using, and abusing, the jurisdiction of the federal courts under the Bankruptcy Code as a tool in his arsenal in carrying on the battle which he appears to have lost in the state court." Bankr. E.D. Cal. Case No. 09-45778; Civil Minutes, Dckt. 116.

When Stephen Lipworth sought relief from the automatic stay to enforce his final judgment in State Court, the court determined that Raj Singh's opposition failed to raise any substantive, or even colorable, opposition to that motion. While stating under penalty of perjury that he had no interest in the real property at issue, Raj Singh purported to use the bankruptcy case to protect the rights of other persons, whose names were purported to be the same as the aliases which the State Court determined were those used by Raj Singh. Based on the statements under penalty of perjury and arguments asserted, Raj Singh demonstrated that if Raj Singh was to be believed, he did not have standing under Article III of the United States Constitution. Bankr. E.D. Cal. Case No. 09-45778; Civil Minutes, Dckt. 114.

### III.    10-28544, Raj Singh Chapter 13 Case ("Third Chapter 13 Case")

In the Third Chapter 13 Case, Raj Singh filed a motion for a declaration that he was neither Suman Mehta nor Kaus Singh. Bankr. E.D. Cal. Case No. 10-28544; Motion, Dckt. 11. The motion did not seek relief against any specific person, but merely against all persons in *absentia*. Raj Singh followed this with a motion for sanctions against the Chapter 13 Trustee and Stephen Lipworth. *Id.*, Dckt. 48. Though filed, Raj Singh never set the motion for hearing.

**Second Motion for Sanctions Against Stephen Lipworth**

Raj Singh filed another motion for sanctions against Stephen Lipworth. *Id.*, Dckt. 63. Raj

1  Singh sought $100,000.00 in sanctions, asserting that Stephen Lipworth violated the automatic stay[6]

2  by levying on a check (in which Raj Singh asserted he had no interest) which had been delivered to

3  the Chapter 13 Trustee by the California Franchise Tax Board as monies being owed to the Raj

4  Singh bankruptcy estate. In the court's ruling denying the motion for sanctions, the court found that

5  the check was made payable to the name of one of Raj Singh's aliases. *Id.*; Civil Minutes, Dckt. 72

6  at 2. Stephen Lipworth levied on the check believing that the court would, as had previously

7  occurred, just routinely dismiss Raj Singh's Third Chapter 13 Case. Upon learning that the

8  bankruptcy case was not being "routinely dismissed," Mr. Lipworth acted to stop the levy.

9  **Motion for Sanctions Against the Chapter 13 Trustee**

10        Raj Singh then filed another motion for sanctions against the Chapter 13 Trustee. *Id.*,

11  Dckt. 76. The court stated that since Raj Singh asserted that he had no interest in the Franchise Tax

12  Board check, Raj Singh thereby showed no interest which he could assert was subject to the

13  automatic stay. Raj Singh continued to argue that he had no interest in the check, while seeking

14  damages for violation of the automatic stay, which would not apply to a check in which Raj Singh

15  had no interest. Raj Singh dismissed the motion at the hearing after reading the tentative ruling and

16  oral argument. *Id.*; Civil Minutes, Dckt. 135.

17  **Motion for Sanctions Against Wells Fargo Bank**

18        Raj Singh then sought sanctions against Wells Fargo Bank, N.A. and an unnamed attorney

19  for alleged violations of the automatic stay. *Id.*; Motion, Dckt. 112. In the Motion, Raj Singh

20  alleged that he told Wells Fargo Bank, N.A. that Raj Singh lived at property identified as 4304 Swiss

21  Court, Elk Grove, California ("Swiss Court Property), not at 1625 28th Street, Sacramento, California

22  ("1625 28th Street Property"). Based on informing Wells Fargo Bank, N.A. that he lived at the Swiss

23  Court Property, Raj Singh made a demand for $100,000.00 on actual and punitive damages against

24  Wells Fargo Bank, N.A. and the unnamed attorney.

25        Raj Singh alleged that Wells Fargo Bank, N.A. violated the stay by: (1) foreclosing on the

26  Swiss Court Property, (2) seeking to evict people from the Swiss Court Property, and (3) attempting

27

28      [6]  11 U.S.C. § 362(a).

1    to evict Raj Singh. No interest in the Swiss Court Property was listed on Schedules A, B, or G

2    (leases) by Raj Singh. *Id.*; Dckt. 16 at 3-6, 11. The court determined that the Swiss Court Property

3    which Wells Fargo Bank, N.A. sought to obtain possession of after foreclosure, was not Raj Singh's

4    residence as stated by Raj Singh under penalty of perjury for his residence on his Bankruptcy

5    Petition. *Id.*; Civil Minutes, 169. Further, Raj Singh had not filed with the court any notice of a

6    change of address or residence, altering the information provided under penalty of perjury previously

7    in this case. Additionally, the court found that on Schedule C in the bankruptcy case Raj Singh had

8    further stated under penalty of perjury that the 1625 28th Street Property was his residence and he

9    properly claim a homestead exemption in that property, as his residence. *Id.*, Dckt. 16 at 7.[7]

10       The court further determined that, due to his repeated filing of bankruptcy cases, no

11   automatic stay went into effect by operation of law in the Third Chapter 13 Case as provided by

12   Congress in 11 U.S.C. § 362(c)(4). There being no automatic stay, there could be no violation of

13   the non-existent stay.

14   **Motion for Sanctions Against City of Sacramento**

15       Raj Singh also pursued a motion for sanctions based on an alleged violation of the automatic

16   stay against the City of Sacramento. *Id.*, Dckt. 126. Raj Singh asserted that the City of Sacramento

17   violated the automatic stay by issuing parking tickets, attempting to collect parking tickets, and

18   towing vehicles of Raj Singh which were illegally parked. Raj Singh requested $100,000.00 in

19   sanctions be awarded against the City of Sacramento and another unnamed attorney.

20       The court denied the Motion on various grounds, including the failure to serve the City of

21   Sacramento. *Id.*; Civil Minutes, Dckt. 161. Raj Singh's allegations included a contention that the

22   City of Sacramento and an attorney for the City of Sacramento had a vendetta against Raj Singh.

23   This vendetta allegedly was based on the enforcement of the parking ordinances for the City of

24   Sacramento and because Raj Singh was prosecuting claims against the City of Sacramento under the

25   _____

26       [7] In his prior bankruptcy case filed on November 24, 2009, Raj Singh stated under
     penalty of perjury on his petition that his street address was 1625 28th Street, Sacramento,
27   California. Bank. E.D. Cal. No. 09-45778; Dckt. 1. Only the 1625 and 1625 ½ 28th Street
     Property is listed on Schedule A in Case No. 09-45778, and no interest in the Swiss Court
28   Property is stated in the Schedules filed in that case. *Id.*; Dckts. 15, 16.

Americans with Disabilities Act. Raj Singh did not list such a claim as an asset on Schedule B, which requires the mandatory disclosure of all personal property assets, did not disclose the litigation on his Statement of Financial Affairs, and did not assert having ever prevailed on such a claim in documents filed in his bankruptcy case.

Additionally, the court concluded that Raj Singh failed to show any basis for application of the automatic stay against a governmental entity enforcing criminal laws and ordinances or for issuing sanctions against a governmental entity for enforcing the criminal laws and ordinances.

**Second Motion for Sanctions Against the City of Sacramento**

Undeterred by losing the prior motion and the court determining that there was no automatic stay in the Third Chapter 13 Case, Raj Singh filed a second motion for sanctions against the City of Sacramento for alleged violations of the (non-existent) automatic stay. *Id.*, Dckt. 163. Raj Singh merely repeated the same allegations from the prior motion for sanctions.

In denying the second Motion for Sanctions against the City of Sacramento, the court first determined that once again Raj Singh failed to serve the City of Sacramento. *Id.*; Civil Minutes, Dckt. 177. The court again repeated that there was no automatic stay in the Third Chapter 13 Case.

### IV.    09-02810, Adversary Proceeding *Raj Singh v. Stephen Lipworth* (First Adversary Proceeding Against Lipworth)

Raj Singh filed an Adversary Proceeding against Stephen Lipworth. Adv. Proc. No. 09-02810. The Adversary Proceeding was filed on December 16, 2009, and dismissed on April 13, 2010. The court's Memorandum Opinion and Decision to dismiss the Adversary Proceeding without prejudice first determined that Raj Singh affirmatively asserted that he had no rights or interest in the real property which was purported to be the subject of his disputed with Stephen Lipworth. *Id.*, Dckt. 45. Rather, Raj Singh was purporting to assert or vindicate rights of others who were not before the court. Further, that the complaint attempted to have the bankruptcy court "correct" what Raj Singh asserted were errors in final State Court judgments and orders.

### V.    10-02231, Adversary Proceeding *Raj Singh v. Karen Singh*

In this Adversary Proceeding, Raj Singh sued Karen Singh, who has been identified as either Raj Singh's wife or his ex-wife. In the Complaint against Karen Singh, Raj Singh alleges that Karen

1   Singh is a creditor, that Karen Singh is "informed" that Raj Singh is Kaus Singh and Suman Mehta,

2   and, therefore, Raj Singh then requests a declaration from the court that "Raj Singh is neither Kaus

3   Singh nor Suman Mehta." Adv. Proc. No. 10-02231; Complaint, ¶ 5.

4         On the same day the Complaint was filed, Raj Singh also filed a motion for entry of judgment

5   declaring that he was not either Kaus Singh or Suman Mehta – as if he already knew that Karen

6   Singh was not going to contest the Complaint. *Id.*, Dckt. 6. The court denied this motion, no default

7   of Karen Singh having been entered. *Id.*; Civil Minutes, Dckt. 14.

8         After the default of Karen Singh was subsequently entered, the court conducted an

9   evidentiary hearing on the motion for entry of default judgment on July 13, 2010. After hearing the

10  testimony of Raj Singh and Karen Singh, the court determined that entry of judgment for Defendant

11  Karen Singh was proper. *Id.*; Order, Dckt. 21. The testimony of Karen Singh at the hearing was that

12  she never contended that Raj Singh was, or used the aliases of, Kaus Singh or Suman Mehta. Karen

13  Singh further testified that she never asserted that Raj Singh was either Kaus Singh or Suman Mehta.

14  The court's findings of fact and conclusions of law are stated on the record, for which no transcript

15  has been obtained by Raj Singh.

16        Raj Singh then filed a motion for reconsideration of the order granting judgment for the

17  defendant. *Id.*, Dckt. 25. The motion for reconsideration alleges that Raj Singh needs a declaration

18  that he is neither Suman Mehta nor Kaus Singh so that he can discharge the debts of Kaus Singh and

19  Suman Mehta. This is a nonsensical, meritless argument, representative of many meritless

20  arguments asserted by Raj Singh, in that if he obtained a discharge of the debt, then whatever

21  obligation was asserted would be discharged. But if it is determined, contrary to the final decisions

22  of the State Courts, that he is not Suman Mehta or Kaus Singh, then there would be no debt to

23  discharge.

24        A declaration was filed for Karen Singh. *Id.*, Dckt. 26. In it, Karen Singh never asserts:

25  (1) that she contends Raj Singh is either Suman Mehta or Kaus Singh, nor (2) that she asserts that

26  Raj Singh owes her any obligations, whether as either Raj Singh, Kaus Singh, or Suman Mehta. The

27  court denied the motion to reconsider. *Id.*, Order, Dckt 40. This attempt to sue his wife (or ex-wife)

28  was a thinly veiled attempt at sham litigation, using Karen Singh as the "dummy defendant" to obtain

1  an improper judgment from this court to create a facially false contradiction to the final orders and

2  judgments of the State Court.

**VI.    10-02154, Adversary Proceeding *Raj Singh v. Stephen Lipworth* ("Second Adversary Proceeding Against Lipworth")**

This Second Adversary Proceeding Against Lipworth was filed on March 18, 2010, twenty-six days before the court dismissed the First Adversary Proceeding Against Lipworth.  At the May 11, 2010 hearing on the motion to dismiss the Second Adversary Proceeding, Raj Singh requested that the court continue the hearing to allow Raj Singh to present additional briefing in light of the court's extensive tentative ruling and the parties' oral argument.  Adv. Proc. No. 10-02154; Civil Minutes, Dckt. 11.   The court granted Raj Singh's request for additional time to file supplemental briefs, believing that the request was made in good faith.  Rather than filing further briefs, Raj Singh quickly filed a notice of dismissal without prejudice the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Federal Rule of Bankruptcy Procedure 7041.  In so using the Federal Rule of Civil Procedure, Raj Singh demonstrated his sophisticated litigation experience and knowledge.

In the Tentative Ruling, which is attached to the court's Memorandum Opinion and Decision on the Motion, the court's tentative findings included the following:

A.    Raj Singh's contention in the complaint was that notwithstanding the State Court's final judgment and orders, what Raj Singh says is not true (he is not Suman Mehta or Kaus Singh) renders the final State Court judgment and orders invalid.

B.    The court found at least ten adversary proceedings and contested matters filed in the bankruptcy cases by Raj Singh in which he sought to obtain a conflicting federal court order to the final State Court judgment and orders.

C.    The court determined that Raj Singh had engaged in a pattern of filing bankruptcy cases, adversary proceedings, and contested matters in bad faith.

*Id.*; Tentative Ruling, Dckt. 19.

**VII.    11-02118; Adversary Proceeding by Chapter 13 Trustee, Interpleader**

The Chapter 13 Trustee, having received a check from the Franchise Tax Board made payable to one of Raj Singh's aliases, Raghvendra Singh, commenced an interpleader action on February 22, 2011, for all persons who claimed an interest in the check to assert their rights.  Raj

10

Singh steadfastly repeated the contention that he had no interest in the check and the check should not be part of his bankruptcy estate. Adv. Proc. No. 11-2118; Raj Singh Answer; Dckt. 15. Raj Singh asserted that the check belonged to his wife (or ex-wife), Karen Singh (the same person against whom he filed the sham adversary proceeding to obtain a determination that "she" should not contend that he was Suman Mehta or Kaus Singh).

**Motion For Violation of Automatic Stay and
to Turnover Check to Karen Singh/Raj Singh**

Raj Singh then filed a motion demanding that the check, in which he asserted no rights or interests, to be "returned" and that Raj Singh should be awarded punitive damages. *Id.*, Dckt. 16. In this motion, though asserting that he had no rights or interest in the check, he argued that the check should be given to "Karen Singh/Raj Singh."

In denying Raj Singh's motion for "return" of the check and sanctions, the court first stated, as previously determined, that there was no automatic stay in the Third Chapter 13 Case which could have been violated. *Id.*; Civil Minutes, Dckt. 22. The court denied the motion, which attempted to circumvent the relief sought in the Complaint, the determination of who was entitled to the check issued by the California Franchise Tax Board – a check in which Raj Singh repeated affirmative stated that he had no rights or interest.

**Motion for Order to Show Cause**

After denial of the prior Motion, Raj Singh filed another motion requesting that the court issue an Order to Show Cause and refer the case to the California State Bar and American Bar Association. *Id.*, Dckt. 28. The allegations stated by Raj Singh in the Motion for an Order to Show Cause include a contention that Mr. Lipworth and his attorneys misstated Raj Singh's conduct, and therefore, this court should allow Raj Singh to have those matters determined by the California State Bar and the American Bar Association. Raj Singh continued his drumbeat that the State Court final judgments and orders were wrong, and therefore it was improper for Mr. Lipworth to have his rights thereunder asserted. He further accused Mr. Lipworth and his attorney of "terrorism."

The court denied this Motion for an Order to Show Cause, first determining that the motion was not a responsive pleading, as required by Federal Rule of Civil Procedure 12 and Federal Rule

11

of Bankruptcy Procedure 7012, to the complaint, but asserted a collateral matter. *Id.*; Civil Minutes, Dckt. 36. Second, the motion was merely another attempt to relitigate the final rulings on issues which Raj Singh had lost years before in State Court – that he used the aliases Suman Mehta and Kaus Singh to hold title to certain real property.

**Default of Karen Singh - Raj Singh Purporting to Litigate in Her Name**

Karen Singh, the other person who Raj Singh purported to have an interest in the check, failed to file a responsive pleading to the complaint and her default was entered by the Clerk of the Court. Raj Singh then took it upon himself to file a Motion to Set Aside Default Against Karen Singh. *Id.*, Dckt. 62. Raj Singh contended that the Clerk of the Court should not have entered the default of Karen Singh because it was requested by Stephen Lipworth, not the Plaintiff-Chapter 13 Trustee. Thus, Raj Singh contended that the default was of prejudice not only to Karen Singh, but also Raj Singh (who on multiple occasions expressly stated he had no rights or interests in the check at issue).

The court denied the motion of Raj Singh to set aside the default of Karen Singh. The court found that Raj Singh did not have standing to litigate for Karen Singh. *Id.*; Civil Minutes, Dckt. 88. The court noted that during the sham litigation against Karen Singh, when she appeared at the hearing for entry of the default judgment which Raj Singh sought against her, Karen Singh expressed surprised when the court asked her if she understood that she had been sued by Raj Singh. Karen Singh only acknowledged being sued after looking at and receiving a nod from Raj Singh. It again appeared that the name of Karen Singh was being used solely as the cloak for Raj Singh to pursue his improper litigation goals against other unnamed third-parties.

**Judgment**

In the Second Adversary Proceeding Against Lipworth, the court entered a judgment against Raj Singh, determining that he was not entitled to receive payment of any portion of the monies held by the Chapter 13 Trustee. *Id.*; Order, Dckt. 84. The court concluded that Raj Singh had expressly pleaded that he had no interest in the check at issue. *Id.*; Civil Minutes, Dckt. 98. The court expressly determined that Raj Singh continued in his well-established pattern of litigation by

contending that final judgments and orders of the State Court are wrong and can be ignored. Raj Singh continued to purport to assert rights and interests of third-parties who were not before the court.

**VIII.  Bankruptcy Appeals. In addition to his litigation at the bankruptcy court, Raj Singh also filed appeals from the rulings which he believed incorrect. These appeals include *Raj Singh v. David Cusick, et al.*, Bankruptcy Appellate Panel of the Ninth Circuit, No. 11-1700 ("BAP 11-1700").**

The Bankruptcy Appellate Panel affirmed the judgment of the bankruptcy court determining that Raj Singh did not have an interest in the proceeds of the California Franchise Tax Board refund. The Panel reviewed numerous, unsuccessfully prosecuted appeals by Raj Singh. These are: (1) BAP No. EC-10-1116 - *Raj Singh v. Lawrence Loheit, et al.*; (2) BAP No. EC-10-1290 - *Raj Singh v. Lawrence Loheit, et al.*; (3) BAP No. EC-10-1471 - *Raj Singh v. Lawrence Loheit, et al.*; and (4) BAP No. EC-12-1036 - *Raj Singh v. David Cusick, et al.* The conclusions of the Panel include a determination that:

> From his argument, it is clear that Mr. Singh believes the Judgment was entered in error only because the Proceeds were not awarded to him. Unfortunately, in his effort to keep the Proceeds from reaching Mr. Lipworth, Mr. Singh denied in his answer that he had any property interest in the Proceeds.

BAP 11-1700, p. 18:14-18.

**IX.  Transcript From Hearing on Prefiling Review OSC**

A copy of the Transcript from the hearing on the court's Prefiling Review Order ("Trans. OSC") has been filed in this case. Dckt. 172. It is clear that Raj Singh cannot articulate any reason why the Prefiling Review Order should not be entered and cannot show that he has prosecuted any of the bankruptcy cases, adversary proceedings, or contested matters in good faith. The court findings stated at the hearing include the following:

> Mr. Singh, I find that your conduct in this court is that of a vexatious litigant. You are doing in this court what you have done for a good decade in the state court. There are a number of decisions in which the trial courts and the Court of Appeal have found you to be a vexatious litigant. There are cases in which they have found you to be Klaus Singh, the person you stand in court and claim you're not. They have found you to use as an alias Santus Anali and Suman Meta (phonetic). They have said that you clearly engage in a pattern of aliases, solely for the purpose of confusing the court and the other parties. It's the same type of thing that I have now seen for a year in this court.

Trans. OSC; Dckt. 172 p. 12:22-25, 13:1-8.  The court further stated:

> You [Raj Singh] came in here [this bankruptcy court] with a clean slate and you have
> proven yourself. You have filed motion after motion that have absolutely no merit.
> You file motions and don't serve the other party. You came in requesting a billion
> dollars against the City of Sacramento and didn't bother to serve them. When I say
> "didn't bother to serve them," I have your certificate of service under penalty of
> perjury of who you served. You are here today with a suit on Wells Fargo and your
> certificate of service doesn't show them being served."

Trans. OSC; *Id.* p. 13:15-22.

## DISTRICT COURT LITIGATION

This court has reviewed the files of the United States District Court for the Eastern District
of California[8] and noted the litigation being prosecuted by Raj Singh include the following actions
in just the past two years.[9]  Attached to this Memorandum Opinion and Decision as Appendix B is

---

[8] Bankruptcy judges are a unit of the district court. 28 U.S.C. § 151.

[9] As reflected in the bankruptcy petition filed in this court, discussed *infra*, Raj Singh
admits that he has "Many" (in his words)  aliases.  Petition, Dckt. 1.  In reviewing the District
Court's files for parties with the name "R" Singh, the court found some files in which the
plaintiff was identified as Ram Singh, and then stated to be Raghvendra Singh, and then
pleadings were signed by Raj Singh. *Ram Singh (identified in subsequent pleadings as Raj
Singh) v. Mineral County et al*, E.D. Cal. 14-cv-2170.  At the hearing on the Motion to Vacate,
Raj Singh admitted that he was the plaintiff in the Ram Singh District Court action.

The District Court files identify two more lawsuits filed by "Raghvendra Singh:"

A.    *Raghvendra Singh v. United States Government, E.D. Cal. 13-cv-00780*

    1.    The post-office box address used on the pleadings for "Raghvendra Singh"
        is the same as used on the current pleading for Raj Singh.

    2.    The signature of "Raghvendra Singh" is substantially similar to that of Raj
        Singh on this Motion.

    3.    Raghvendra Singh is the name used for the Plaintiff listed in the caption
        for the District Court action where pleadings were signed by Raj Singh as
        Plaintiff.

    4.    Raj Singh has a very distinctive and unique writing and pleading style,
        including over the top invectives, contentions, and arguments. The
        pleadings style used by "Ram Sing" and "Raghvendra Singh" are identical
        to those used by Raj Singh.

1    a detailed review, including quotations from pleadings and rulings, to ensure that this Ruling

2    provides a unified analysis of the District Court litigation and the rulings in those actions.

3    **I.    *Raj Singh and Karen Singh v. County of Sacramento et al*; E.D. Cal. 14-cv-2382**

4    **– Filed October 9, 2014.**

5    In this District Court action, the Third Amended Complaint (titled Second Amended

6    Complaint) asserts that Raj Singh and Karen Singh are trustees of the Sitaram Living Trust (no such

7    trust was disclosed in any of Raj Singh's multiple bankruptcy cases).  E.D. Cal. 14-2382, Dckt. 11.

8    On March 30, 2016, the District Court entered an order dismissing the complaint with

9    prejudice.  *Id.*; Order, Dckt. 15; Findings and Conclusions; Dckt. 12.  The court determined that Raj

10   Singh repeatedly filed defective complaints, failing to address the deficiencies which led to a series

11   of orders dismissing the prior complaints.  The District Court concluded that Raj Singh would not

12   properly prosecute the action, notwithstanding multiple prior opportunities, in good faith.

13   **II.    *Raj Singh v. City of Sacramento*, E.D. Cal. 15-cv-00997 – Filed May 8, 2015.**

14   In this District Court action, Raj Singh filed a complaint purporting to initiate litigation for

15   both himself and Karen Singh.  Complaint; E.D. Cal. 15-cv-00997, Dckt. 1.  The Complaint alleges

16   that Raj Singh and Karen Singh, both individually and as trustees of the Sitaram Living Trust, are

17   the owners of real properties commonly known as: (1) 3764 7th Avenue, Sacramento, California;

18   (2) 2750 Crosby Way, Sacramento, California; and (3) 7809 Cotton Lane, Sacramento, California.

19   (None of these properties were disclosed in Raj Singh's multiple bankruptcy cases, notwithstanding

20

21   [F.N. 9, cont.]

22          B.    *Raghvendra Singh v. United States Government*, E.D. Cal. 15-cv-01844

23             1.    The same comments as to the above District Court Action apply to this
     action.

24

25             2.    In ruling on the request of "Raghvendra Singh" to proceed in *forma*
     *pauperis*, the Magistrate Judge's findings and conclusions, for which a

26                   motion to reconsider has been filed, that the complaint in the current
     action was identical to the complaint in the prior action which was

27                   dismissed with prejudice.

28

1  allegations in the District Court Complaint that Raj Singh owned the properties in 2010.) The

2  complaint asserts claims under complex federal and state statutory and Constitutional grounds.

3  Compensatory and punitive damages in unstated amounts are demanded.  In a subsequent statement

4  of damages, Raj Singh asserts that the City of Sacramento owes Raj Singh and Karen Singh

5  $92,000,000.00.  *Id.*, Dckt. 12.

6      This action is currently being actively litigated by Raj Singh.

7

### III.    *Raj Singh and Karen Singh v. Wells Fargo Bank*, E.D. Cal. 15-cv-02664 – Filed
8            December 23, 2015.

9      Raj Singh and Karen Singh, Plaintiffs in *pro se*, seek relief against Wells Fargo Bank for its

10  conduct regarding real property identified as 4304 Swiss Court, Elk Grove, California ("Swiss Court

11  Property").  The complaint alleges that Raj Singh is an owner of the Swiss Court Property.  The

12  Swiss Court Property is not listed on Schedule A for the 2010 bankruptcy case filed by Raj Singh.

13  Bankr. E.D. Cal. No. 10-28544, Schedule A, Dckt. 16; 09-45778, Schedule A, Dckt. 15.  Raj Singh

14  and Karen Singh seek an award of damages, restitution, and punitive damages, all in unstated

15  amounts.

16      Though filed on December 23, 2015, no certificate of service has been filed for the summons

17  and complaint.

18      On May 19, 2016, an Order to Show Cause was issued by the District Court as to why the

19  complaint should not be dismissed due to Raj Singh failing to serve the complaint.  E.D. Cal. No.

20  15-cv-02664, Dckt. 4.

21

### IV.    *Raj Singh and Karen Singh v. Tammy Gernandes et al*, E.D. Cal. 15-cv-02663 –
22          Filed December 23, 2015.

23      Raj Singh and Karen Singh, Plaintiffs in *pro se*, seek damages of $10,000,000.00 in actual

24  damages, and unstated amounts of restitution and punitive damages.  E.D. Cal. Case No. 15-2663;

25  Complaint, Dckt. 1.  Raj Singh alleges that the Defendants conspired with a State Court judge to

26  deprive Raj Singh of his rights.

27      On February 17, 2016, the District Court ordered this Complaint dismissed due to lack of

28  subject matter jurisdiction.  *Id.*; Order, Dckt. 10.

**V.**    ***Ram Singh*** **(identified in subsequent pleadings as Raj Singh)** *v. Mineral County et al*, **E.D. Cal. 14-cv-02170 – Filed September 18, 2014.**

Raj Singh, using the alias Ram Singh filed an action seeking to enjoin Mineral County, Nevada from prosecuting a criminal action against Raj Singh for growing marijuana on Native American property and to obtain an award of damages against the Defendants named in that District Court action. E.D. Cal. Case No. 14-02170. In the Original and Amended Complaints, Raj Singh also identifies himself as Raghvendra Singh. *Id.*, Dckts. 1, 11, and 12. The signatures used for Ram Singh, Raj Singh, and Raghvendra Singh are substantially the same. Some of the "Ram Singh" pleadings are signed "Raj Singh."

After the District Court dismissed this action, Raj Singh filed a Notice of Appeal. In the Notice of Appeal, the Appellant-Plaintiff is identified as, and the signature block so designates, Raj Singh (notwithstanding the Complaint and Amended Complaint using the alias Ram Singh). *Id.*, Dckt. 15.

The District Court dismissed Raj Singh's complaint for various reasons, including the action being in violation of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In revoking Raj Singh's in *propria persona* status, the District Court judge determined that Raj Singh's appeal was not taken in good faith because he failed to present an arguable basis in fact or law to support his position. E.D. Cal. Case No. 14-02170; Order, Dckt. 21.

**VI.**    ***Raghvendra Singh v. USA***, **E.D. Cal. 13-cv-00780 – Filed April 22, 2013.**

In the Second Amended Complaint, Ram Heram, the named plaintiff, who is also subsequently identified as Raghvendra Singh and Raj Singh, asserts that the Internal Revenue Service is trying to coerce him into paying taxes which he does not owe. Further, that asserted tax liens are illegal. The "Ram Heram" signature of the Second Amended Complaint appears to be the same as the Raj Singh signature on documents filed in the bankruptcy court. The District Court dismissed Raj Singh's Second Amended Complaint and entered judgment for Defendant, finding that Raj Singh failed to allege any grounds under which the Defendant could not prevail in the litigation. The court determined that granting leave to amend would be futile, citing to Raj Singh having been allowed to amend the complaint previously, and his failure to correct the prior

infirmities stated by the District Court.  E.D. Cal. Case No. 13-cv-0780; Order and Findings, Dckt. 73.

As with the meritless, repetitive litigation in the bankruptcy court, the District Court concluded that Raj Singh was improperly attempting to relitigate final rulings of the Tax Court, which are the subject of appeals pending before the Ninth Circuit.  *Id.*; Order, Dckt. 84.

**VII.    *Raghvendra Singh v. USA*, E.D. Cal. 15-cv-01844 – Filed September 1, 2015.**

In this District Court action, Raj Singh, using the aliases Raghav Singh and Raghvendra Singh, asserted claims against the Internal Revenue Service for tax years 1998 through 2002 and for 2008 through 2010, contending that the alleged tax obligations asserted against Raj Singh were "illegal" and "arbitrary."   Raj Singh further alleged that the "IRS robbed and killed the public." The District Court dismissed Raj Singh's Complaint with prejudice.  E.D. Cal. Case No. 15-cv-01844; Order, Dckt. 5.  The court's Order and Findings of Fact and Conclusions of law included determining that the claims in this complaint were the same as the ones dismissed with prejudice in a prior District Court action filed by Raj Singh, *Singh v. United States*, 2:13-cv-0780 (E.D. Cal.). *Id.*, Dckt. 3. In the Notice of Appeal, the signature for "Raghvendra Singh" is substantially the same as Raj Singh's signature, as well as using the same mailing address as Raj Singh on all the pleadings. *See In re Raj Singh*, Bankr. E.D. Cal. Case No. 10-28544.

## CALIFORNIA DISTRICT COURT OF APPEAL

**I.    *Singh v. Lipworth*, 227 Cal. App. 4th 813 (2014), California District Court of Appeal**

The court followed the State Bar thread for Raj Singh's attorney's, Keith Robert Oliver, disbarment,[10] to the California Third District Court of Appeal decision in *Singh v. Lipworth*, 227 Cal. App. 4th 813 (2014); *review denied* 2014 Cal. LEXIS 7360 (Cal. 2014); *cert. denied* 135 S. Ct. 1180; 191 L. Ed. 2d 138; 2015 U.S. LEXIS 766 (2015). Contrary to Raj Singh's representations in the current Motion that he is not continuing to engage in improper conduct, the California Court of Appeal tells a different story.  The decision recounts the State Court determinations that Raj Singh

---

[10]  http://members.calbar.ca.gov/fal/Member/Detail/257837.

uses the alias Suman Mehta, Kaus Singh, and Archana Singh. In the underlying State Court action, the court allowed Stephen Lipworth to enforce his judgment against Raj Singh by executing on real property which Raj Singh had transferred to Karen Singh (his wife or ex-wife),and then Karen Singh transferred back to Raj Singh, using the name "Suman Mehta" as the transferee.

The District Court of Appeal Decision reviews the meritless litigation fomented by Raj Singh and the determination that Raj Singh is a vexatious litigant. The District Court of Appeal concluded that Raj Singh was again attempting to improperly relitigate issues which had previously been determined by final judgment and orders - that he uses the various aliases to hide his ownership of properties. The District Court of Appeal imposed monetary sanctions against both Raj Singh and his attorney, Keith Robert Oliver.

## IDENTIFICATION OF POSSIBLE UNDISCLOSED "EMERGENCY" NEED FOR RAJ SINGH FILING BANKRUPTCY

Though Raj Singh refused to identify for the court any possible "emergency" reason that he could have for filing bankruptcy, a review of the District Court cases unearthed one possible reason for filing - an attempt to create the appearance that Raj Singh has neutered the ability of a District Court judge to manage a pending Raj Singh case in that judge's court and enforce the orders of the District Court.

In *United States of America (IRS) v. Raghvendra Singh* [Raj Singh], E.D. Cal. 15-cv-00287, pending in the District Court, Raj Singh has responded to an Order to Show Cause why he should not be held in contempt for failing to comply with an order of that court to produce documents. In addition to a number of other contentions, which the court did not find persuasive, Raj Singh's responses include:

"And Tenth, Singh seeks bankruptcy protection."

E.D. Cal. Case No. 15-cv-00287, Dckt. 40.; Opposition to OSC, p. 2:5.5.

"Singh already sought to file bankruptcy."

*Id.*, p. 3:14.5-15.5. and p. 4:17.5-18 (repeated twice).

Raj Singh filed in the District Court his ten-page opposition to the Order to Show Cause on January 26, 2016, stating that he was or had played his "bankruptcy card." The hearing on this

19

Motion to Vacate in front of this court, for which Raj Singh could not identify any need to file an "emergency" bankruptcy case, was conducted in this court on February 17, 2016 – twenty-two days after Raj Singh told the District Court Magistrate Judge that Raj Singh "already sought" bankruptcy protection.

Though Raj Singh appears to be telling the judge at the District Court that Raj Singh's newest bankruptcy filing would be a *fait accompli*, he did not disclose such "emergency" to the bankruptcy court.

## THE PREFILING REVIEW ORDER CONTINUES
## TO BE NECESSARY AND PROPER

The court concludes that Raj Singh continues to be a litigant who repeatedly files meritless actions and abuses the federal judicial process. Raj Singh merely professing to the court that he will not misuse the judicial process against Stephen Lipworth does not overcome the on-going body of litigation work by Raj Singh against Stephen Lipworth, Wells Fargo Bank, the City of Sacramento, and others in this bankruptcy court, the District Court, and the State Courts. Raj Singh merely professing contrition as to his past abuses of the judicial process against Mr. Lipworth is not a basis for vacating the Prefiling Review Order, thereby freeing him to use the bankruptcy process to pursue meritless litigation against others. The Prefiling Review Order issued by this court is of minimal intrusion on Raj Singh's ability to file a bankruptcy case – if he seeks to do so in good faith.

**Raj Singh Has Failed to Pay the Required**
**Fee to Reopen the Bankruptcy Case**

Raj Singh has failed to pay the required filing fee for the reopening of this bankruptcy case and has not filed a motion requesting the court waive the filing fee. For a Chapter 13 case, the required fee for filing the motion to reopen is $235.00. *See* Judicial Conference of the United States Bankruptcy Court Miscellaneous Fee Schedule; 28 U.S.C. § 1930(b). No request for a waiver of the fee has been filed and no basis for waiving the fee has been provided to the court.

At the hearing, Raj Singh argued that his paying the required filing fee was not necessary for the bankruptcy judge to exercise federal judicial power to grant the relief Raj Singh sought. While such a contention is technically correct (the bankruptcy judge not being deprived of exercising

federal judicial power merely because a fee is not paid or a bankruptcy case closed), it is not an excuse for Raj Singh to be exempted from the filing fee required by every other bankruptcy litigant. This contention by Raj Singh that the filing fee requirement should not apply to his matters demonstrates a continuing abuse of the judicial process, with Raj Singh placing himself above the rules and the law.

Raj Singh not having paid the filing fee or obtaining a waiver of the filing fee (or providing any evidence to give the court a basis for *sua sponte* waiving the fee), the Motion is denied.

Notwithstanding the failure to pay the filing fee, given Raj Singh's propensity to litigation and to ensure that an error has not been made in connection with the Prefiling Review Order, the court considers the merits of the Motion.

**Raj Singh's Continuing Litigation Conduct**
**Demonstrates That the Prefiling Review Order is Necessary**

The Motion presented to the court is devoid of any legal basis for the court granting relief under Federal Rule of Civil Procedure 60(b) to vacate the Prefiling Review Order.  As discussed above, Raj Singh's arguments sound in the form of an appeal – not motion to vacate – seeking to relitigate the final order of this court.  Raj Singh continues to demonstrate his abusive litigation conduct, in which no orders are final so long as Raj Singh disagrees with them.

Raj Singh has filed numerous meritless motions in this bankruptcy case, other bankruptcy case filings, adversary proceedings, and contested matters.  He has commenced a sham adversary proceeding against Karen Singh (his wife or ex-wife) in an attempt to deceive this court into issuing a judgment which conflicted with the final State Court judgment and orders that Raj Singh uses various aliases.  In another contested matter, though well aware that no automatic stay went into effect in this bankruptcy case due to his multiple prior filings, Raj Singh filed a meritless motion to have the City of Sacramento held in contempt for allegedly violating the non-existent stay.

In this bankruptcy case, once the court denied the request for the judgment against Karen Singh in the sham adversary proceeding, a motion to dismiss the bankruptcy case was filed by Raj Singh.  The basis for the requested dismissal as stated by Raj Singh was,

The petitioner [Raj Singh] **filed this bankruptcy mainly for to [sic] obtain a**

21

**declaration that Raj Singh is neither Suman Mehta nor Kaus Singh.** As this court denied for a declaration that Raj Singh is neither Suman Mehta nor Kaus Singh. Accordingly, Raj Singh requests to dismiss this bankruptcy.

Civil Minutes, Dckt. 131; Motion, Dckt. 43 (emphasis added).   With this simple statement, Raj Singh admits that no *bona fide* purpose under the Bankruptcy Code existed for the filing of this case. Raj Singh made no effort to prosecute the Chapter 13 case in good faith.

In denying the forgoing motion to dismiss filed by Raj Singh, the court stated:

As set forth in the findings of fact and conclusions of law for the Order to Show Cause, **the court determines that the filing, lack of prosecution, and requested dismissal of this case by the Debtor is in bad faith.** In his pleadings and at the hearing on the Order to Show Cause the Debtor has affirmatively stated that his primary goal in filing the multiple bankruptcy cases was to re-litigate a final ruling in state court that he owned real property commonly known as 1625 and 1625 28th Street, Sacramento, California, using the aliases Suman Mehta and Kaus Singh to hold title. **The Debtor did not and has not proposed any facially valid proposed plan in any of the cases.** The Debtor has affirmatively stated in his pleadings and Schedules, which are stated under penalty of perjury, that he has no income with which to fund a Chapter 13 Plan.

Dckt. 131 (emphasis added).

In addition, while filing his Chapter 13 bankruptcy cases in this District for which Raj Singh claimed he had no business or income, Raj Singh had also been actively litigating in the United States District Court and the Bankruptcy Court for the District of Delaware.[11] While Raj Singh was actively litigating in a Delaware bankruptcy case his asserted personal right to a multi-million dollar

---

[11]  Civil Minutes, Dckt. 130.
"When checking for decisions, the court also found the final orders and ruling of the United States District Court and the United States Bankruptcy Court for the District of Delaware in the Mariner Post-Acute Network, Inc. Chapter 11 bankruptcy case, Case No. 00-00113. In that case the Debtor actively prosecuted a claim for $2,241,527.05 on behalf of his sole proprietorship Nursing Association of America. The District Court's Memorandum and Decision on the case and final order are dated July 8, 2005. FN3.

------------------------------

FN3. Though the Debtor was actively litigating a $2,241,527.05 claim in the name of Nursing Association of America in July of 2005, the Debtor failed to disclose in any of the bankruptcy cases his business Nursing Association of America in response to Question 18 on the Statement of Financial Affairs (which requires the debtor to disclose the names, addresses, taxpayer-identification numbers, nature of the business, and beginning and ending dates for all businesses during the six year period preceding the filing of the bankruptcy case.

------------------------------ "

22

claim based on his business as of 2005, Raj Singh failed to disclose any information about those assets in this case in 2009 and 2010 (though the names of and interests in all business within the six-year period prior to the commencement of the bankruptcy case must be disclosed).

At oral argument on this Motion to Vacate, Raj Singh attempted to address the court's concerns by explaining that he had given up on his litigation with Stephen Lipworth and does not intend to further pursue litigation against (and abuse of) Mr. Lipworth. Raj Singh concluded that since he promised not to engage in abusive litigation against Stephen Lipworth, it was no longer "necessary" for the court to have the Prefiling Review Order as it impaired his ability to commence bankruptcy cases with respect to other persons.

This contention only further highlights the need for the Prefiling Review Order. It was not just the litigation with Mr. Lipworth. Nor the repeated litigation against the City of Sacramento and Wells Fargo Bank, N.A. asserting rights relating to a non-existent automatic stay. Nor the sham litigation against Karen Singh. Nor the motions filed against unnamed parties seeking orders which would conflict with final State Court judgments and orders. Nor the bankruptcy petitions, schedules and statements of financial affairs which were incomplete or inaccurate. Rather, it is the combination of all of the multiple, meritless litigation and bankruptcy cases which Raj Singh has filed. The concerns of the court are further heightened by Raj Singh continuing pattern of litigation in the District Court.

**Application of Ninth Circuit Prefiling Review Standards**

Ninth Circuit standards for the issuance of the Prefiling Review Order continue to be satisfied today and as they were when the court issued the Prefiling Review Order. As discussed in *Molski v. Evergreen Dynasty Corp, et al*, 500 F.3d 1047 (9th Cir. 2007), *en banc* hearing denied, 521 F.3d 1215 (9th Cir. 2008); and *In re Fillbach*, 223 F.3d 1089 (9th Cir. 2000); the court must be able to effectively managing serial filers or vexatious litigants, while providing free and open access to all persons. The abusive filing of bankruptcy petitions, motions, and adversary proceedings for purposes other than as allowed by law diminishes the quality of and respect for the judicial system and laws of this country. As addressed by the Ninth Circuit Court of Appeals in *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1982), a prefiling review order

23

is appropriate to address a litigants attempts to repeatedly relitigate claims from prior final decisions.

Here, the Prefiling Review Order was not issued until after Raj Singh filed, and failed to prosecute, three Chapter 13 cases, and filed many meritless motions and adversary proceedings. There was no "rush to judgment" or undue haste in the court imposing this measured qualification on Raj Singh commencing another bankruptcy case. *Moliski*, 500 F.3d at 1047. While a person has a right to access the courts, such is not a license to abuse the judicial process and treat the courts merely as a tool to abuse others. *Molski*, 500 F.3d at 1057.

Considering the four factor analysis applied by the Ninth Circuit Court of Appeals in *Molski*:

1. First, Raj Singh was provided notice of the Order to Show Cause, given the chance to present evidence, and provide oral and written arguments before the court made the determination that the Prefiling Review Order was necessary and proper. Additionally, Raj Singh filed a post-Prefiling Review Order motion to amend said order and obtained a modification to delete the requirement that Raj Singh pay all of the unpaid filing fees from the three bankruptcy cases.

2. Second, this court has compiled "an adequate record for review" in determining that the Prefiling Review Order was necessary.[12] In addition to chronicling the meritless litigation and abuse of the federal judicial process, it was documented on the record that the only reason Raj Singh filed the bankruptcy cases was to collaterally attack the final State Court judgments and orders.

3. Third, the court made substantive findings about the frivolous or harassing nature of the plaintiff's litigation. The meritless litigation is further stated in this ruling, which now includes Raj Singh's District Court litigation of the past two years.

4. Fourth, the Prefiling Review Order is narrowly tailored to closely fit the specific vice encountered. Here, all that is required of Raj Singh is to fully, properly, and

---

[12] In addition to the express findings in this Memorandum Opinion and Decision and Appendix hereto, the court has expressly cited to its other rulings, decisions, and orders in the various bankruptcy cases and adversary proceedings commenced by Raj Singh. These all constitute the record upon which the Prefiling Review Order was based and upon which the court has determined that it shall continue in full force and effect.

24

completely fill out the basic bankruptcy documents, which include the bankruptcy petition, Schedule A (all interests in real property), Schedule B (all interests in personal property), Schedule C (listing all exemptions), Schedule D (all secured claims), Schedule E (all priority claims), Schedule F (all general unsecured claims), Schedule G (executory contracts), Schedule H (all co-debtors on the debts), Schedule I (income), Schedule J (expenses), Statement of Financial Affairs (listing gross earnings for several prior years, litigation, spouse, businesses, records, and other basic financial information), and the related summary documents. This is something which even the proverbial "least sophisticated consumer" *pro se* debtor does in bankruptcy courts everyday throughout the country.

By requiring that Raj Singh complete these basic tasks – which requires only that Raj Singh truthfully and accurately under penalty of perjury complete the basic bankruptcy documents – the judge reviewing the request can quickly determine if Raj Singh is coming to the court in good faith seeking facially *bona fide* bankruptcy relief.

**Raj Singh Fails to Show Grounds For Relief**
**Pursuant to Federal Rule of Civil Procedure 60(b)**

Though the present Motion seeks to vacate a prior order of this court, no legal basis is stated for such relief in the Motion and no points and authorities has been filed by Raj Singh. In the present Motion, Raj Singh merely argues that the Prefiling Review Order should be "reversed," ineffectively attempting to misuse Rule 60(b) as a years' late, untimely appeal.[13]

In federal court, such relief is sought pursuant to Federal Rule of Civil Procedure 60(b), as incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024. Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1)     Mistake, inadvertence, surprise, or excusable neglect;

---

[13] A motion to vacate is not a substitute for a party filing and prosecuting a timely appeal. *Ackermann v. United States*, 340 U.S. 193, 195, 71 S. Ct. 209 (1950); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199 (5th Cir. La. 1993); *Falk v. Allen*, 739 F.2d 461, 463(9th Cir. 1984); *De Filippis v. United States*, 567 F.2d 341, 342 (7th Cir. 1977).

(2)     Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     The judgment is void;

(5)     The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or

(6)     Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The court uses equitable principles when applying Rule 60(b).  *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3rd ed. 1998). A precondition to the granting of such relief is that the movant show that he or she has a meritorious claim or defense. *See* 12-60 Moore's Federal Practice Civil § 60.24; *Brandt v. American Bankers Insurance Company of Florida,* 653 F.3d 1108, 111 (9th Cir. 2011); and *Falk v. Allen,* 739 F.2d 461, 462 (9th Cir. 1984).

Additionally, the Ninth Circuit Court of Appeals has instructed in *Aurich American Insurance Company v. International Fibercom, Inc. (In re International Fibercom, Inc.),* 503 F.3d 933, 941. (9th Cir. 2007), that, Rule 60(b)(6) "any other grounds that justifies relief" while being used to ensure that justice is accomplished,

> [s]hould be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002).

Raj Singh offers no grounds for the Rule 60(b) relief, other than his continuing contention that he has been abused by his creditors and that his creditors have operated "illegally" in State Court judgment enforcement proceedings. Raj Singh continues to ignore that there are final State Court judgments and orders. Merely because Raj Singh does not like the result (his losing), such orders and judgments are not rendered illegal, unenforceable, or subject to being "overruled" by the federal court.

Raj Singh further states that he has no income and needs his money for medical treatments. Raj Singh professes that he is concerned that he may need to file an "emergency bankruptcy," and does not want to have to comply with a prefiling review. The Prefiling Review Order is nothing more than requiring Raj Singh to properly and accurate complete the basic bankruptcy documents that every good faith, *bona fide* debtor completes to prosecute a bankruptcy case as permitted by law - the bankruptcy petition, the schedules, the statement of financial affairs, and the related summaries.

At best, in the present Motion, Raj Singh argues that the Prefiling Review Order does not allow for an "emergency filing." However, there is no indication what such an "emergency filing" could be for Raj Singh. In the Motion to Vacate, Raj Singh admits that he is unemployed and has no secured creditors.[14] Thus, there can be no "emergency filing" to stop a foreclosure sale or repossession of collateral. To the extent that Raj Singh is concerned that he may subsequently acquire assets which a judgment creditor may seek to enforce a state court judgment against, such proceedings are subject to notice before any rights of Raj Singh would be "lost" thorough a sheriff's sale. That would be more than enough time for Raj Singh to prepare his documents and obtain authorization to file a bankruptcy case.

## CONCLUSION

The Prefiling Review requirement is properly tailored to Raj Singh's behavior and the harm done to the judicial process. Raj Singh has previously admitted that he filed this bankruptcy case for purposes having nothing to do with reorganizing his debts as provided for by Congress under Chapter 13 of the Bankruptcy Code – but instead to collaterally attack in federal court the final State Court judgments and orders.

All the Prefiling Review Order requires is for Raj Singh to do what the Bankruptcy Code requires – ***Truthfully, Honestly, and Accurately*** complete the petition, schedules, statement of financial affairs, and the related documents under penalty of perjury. If Raj Singh is filing bankruptcy in good faith and for *bona fide* reasons as permitted under the Bankruptcy Code (and not merely to re-re-re-re-litigate issues which are the subject to final State Court and District Court

---

[14] Motion, p. 1:18; Dckt. 209.

orders and judgments), such will be immediately apparent to the bankruptcy judge who reviews the proposed documents to be filed.

The Prefiling Review Order is, under the facts and circumstances stated by Raj Singh – that he has no income, no assets, and no perceived need to file bankruptcy on the horizon (being unable to identify any potential "emergency") – is the most benign, reasonable, and least intrusive order to address his flagrant prosecution of meritless bankruptcy cases, adversary proceedings, and contested matters previously in this court.

The Motion is denied.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law. Fed. R. Civ. P. 52(a) and Fed. R. Bank. P. 7052 and 9014. The court shall issue a separate order denying the Motion.

Dated: June 1 , 2016

RONALD H. SARGIS, Chief Judge
United States Bankruptcy Court

# Appendix A & B

**APPENDIX NOT FOR PUBLICATION**

**APPENDIX A**

**REVIEW OF RAJ SINGH BANKRUPTCY COURT LITIGATION AND REPRESENTATIVE FINDINGS AND CONCLUSIONS OF LAW**

In reviewing the bankruptcy cases, contested matters, and adversary proceedings filed by Raj Singh in this District, the court identifies the following partial list of matters prosecuted by Raj Singh which were: (1) meritless claims, (2) claims which were not asserted in good faith, or (3) claims which were not in compliance with the warranties made by Raj Singh arising under Federal Rule of Bankruptcy Procedure 9011.  This Appendix A contains a long, detailed recitation of the matters including quotations from the pleadings and rulings.  The court believes that stating the express language of prior rulings and pleadings is necessary to properly appreciate the repeated meritless prior proceedings and clear rulings of the court in light of Raj Singh's propensity for "creative" recollection and interpretation of judicial proceedings.

**I.**
**09-44480, *Raj Singh* Chapter 13 Case**

A.    Filed..............November 9, 2009

B.    Dismissed...............November 25, 2009

C.    On the Petition, in response to the required disclosure of alias used by the debtor, Raj Singh stated under penalty of perjury, "Many."  09-44480, Dckt. 1.  Further, he fails to list a residence or mailing address, listing only "General Delivery."

D.    Raj Singh filed a motion titled "Motion for Order Barring Creditor to Claim Ownership of Subject Property and Request for Stay."  *Id.*, Dckts. 9 and 11 (versions of Motion filed twice).

      1.    No creditor is named in the Motion.

      2.    The property which is to be the subject of the Motion is not identified.

3.    No legal basis is provided for the court to issue such an injunction with respect to such asserted rights in property.

# II.
# 09-45778, *Raj Singh* Chapter 13 Case

A.    Filed...............November 24, 2009

B.    Dismissed...........April 5, 2010

C.    Motion to Dismiss Bankruptcy Case.        In the court's ruling on the motion to dismiss the bankruptcy case stated in the Civil Minutes relating to the Motion to Dismiss, Dckt. 116, the court determined:

1.    Raj Singh's contentions that the Chapter 13 Trustee lacked standing to file a motion to dismiss the bankruptcy case were without merit.

2.    "The Debtor's Schedules and Statement of Financial Affairs reflect a **wholesale failure to or intentional disregard for complying with the basic requirements imposed by the Bankruptcy Code on the Debtor** [Raj Singh]. Rather than providing the court and parties in interest with the information required of him under the Bankruptcy Code, in his most recent filings the Debtor asserts that, 'Recently, the Court of Appeal rendered a decision in favor of the debtor's family. Accordingly, debtor plans to pay all the debts against debtor as soon as he gets the money from other sources.' Debtor fails to provide any further details about how this is to occur or his interest as part of the family in the judgment from the court of appeal." [Emphasis added.]

3.    "From the Debtor's own statements, offered under the penalty of perjury, he affirmatively states that he does not have a source of regular income. He states for the court and parties in interest that the Debtor's expenses are paid by others, but the Debtor provides no information on the regularity or stability of these payments for his expenses. A debtor must have a stable and regular income to permit him to make payments under a Chapter 13 Plan to qualify for relief under Chapter 13. 11 U.S.C. §§101 (30), 109(e)."

4.    "Since Debtor admits that he does not have regular income from which to fund the plan, the Debtor does not qualify for relief under Chapter 13. This is cause to either dismiss or covert the case."

5.    "In addition to the facially defective plans, the **Debtor's** [Raj Singh's] **failure, inability, refusal to proceed with a reorganization is further documented by the defective Petition, Schedules, Form 22C, and Statement of Financial Affairs in this case.** The Debtor has failed, both initially and continuing for the 127 days of this case, to complete the Schedules and Statement of Financial

Affairs in this case. The Bankruptcy Code does not allow debtors to self-select what information and when they chose to provide that information in a bankruptcy case." [Emphasis added.]

6.  "It is clear to the court that the Debtor has not, and does not, intend to attempt or proceed with any Chapter 13 reorganization, but instead to **use these proceedings to obtain a free injunction for the litigation as he attempts to attempt to re-litigate his state court fights with Lipworth in the federal courts.**" [Emphasis added.]

7.  "Fifth, cause exists because of the unreasonable delay in this case which is of prejudice to creditors. The Debtor continues to expend time and resources of the Estate in advancing repetitive motions and claims seeking to enjoin the state court and Lipworth, to set aside the state court judgment and orders in the federal court, and to have Lipworth, counsel, the Chapter 13 Trustee, and Office of the U.S. Trustee held in contempt. The **Debtor** [Raj Singh] **is clearly using, and abusing, the jurisdiction of the federal courts under the Bankruptcy Code as a tool in his arsenal in carrying on the battle which he appears to have lost in the state court.**" [Emphasis added.]

D.  Motion for Relief From Stay. Raj Singh filed his opposition to the motion of Stephen Lipworth for relief from the stay to enforce a state court judgment. In ruling on the motion for relief from stay (09-45778; Civil Minutes, Dckt. 114), the court's findings included:

1.  "The Opposition filed by the Debtor fails to raise any substantive, or even colorable, issue in opposition to the Motion for Relief From the Automatic Stay. The Debtor affirmatively states that he did not have any rights to or interests in the Duplex when the Sheriffs sale took place and does not claim any interests in the Duplex in this bankruptcy case. At best, the Debtor contends that he should be allowed to use this bankruptcy case, and the automatic stay for the benefit of non-debtor third-parties so that Singh can litigate in this forum to determine the respective non-debtor third-party rights of Lipworth, Kaus Singh and Suman Mehta." [This was before this court determined that the issue of Singh having been determined to be Kaus Singh and Suman Mehta by final judgment of the state court.]

2.  "The Debtor has repeatedly affirmatively asserted and established that he does not have, nor does he assert, any interest in or right to the Duplex. At best, he is seeking to be a good guy and help out Kaus Singh and Suman Mehta by engaging in multi-court, multi-jurisdictional litigation. There is no good guy standing in federal court." [Even at this early juncture, the strawman Kaus Singh and Suman Mehta to disguise the dealings of Singh were becoming apparent.]

# III.
## 10-28544, *Raj Singh* Chapter 13 Case

A.  Motion for Declaration that Raj Singh is Neither Suman Mehta nor Kaus Singh – Relief Sought Against Unnamed Person(s).  DCN: RS-1, Dckt. 11.

    1.  By this Motion Raj Singh requested that the court issue a declaration which, as subsequently determined, would be in conflict with the final ruling of the state court.

    2.  In denying the Motion, the court first concluded that declaratory relief must be obtained through an adversary proceeding (Fed. R. Bankr. P. 7001(9)).  Civil Minutes, Dckt. 22.

    3.  The court next concluded that the declaration provided by Raj Singh of a purported third-party failed to disclose any personal knowledge concerning the testimony.  *Id.*

    4.  Finally, the Motion did not seek relief against any specific person, but was merely an effort to prosecute one-party litigation and obtain orders against unidentified people in absentia.  *Id.*

B.  Motion for Order To Provide Check to Raj Singh - Relief Sought Against Chapter 13 Trustee.  10-28544; DCN: None, Dckt. 52.

    1.  In the Motion, Raj Singh asserted that the Chapter 13 Trustee received a check for Raj Singh, but the Trustee does not want to return the check to Raj Singh. Further,  at the First Meeting of Creditors the Trustee recognized Raj Singh as a "trouble maker" for trying to change the trustee, and the Trustee was discussing with Stephen Lipworth how to get the check and how to convert the bankruptcy case into a criminal case.  Dckt. 52.

    2.  This Motion was filed on August 23, 2010, and states that the date and time for hearing is 10:00 a.m. on August 24, 2010.  The Docket does not reflect this Motion ever having been presented to the court and no hearing was conducted thereon.

C.  Motion for Sanctions For Violation of Automatic Stay – Relief Sought Against Stephen Lipworth.  10-28544;  DCN: RS-4, Dckt. 63.

    1.  In the Motion Raj Singh alleged: (1) Stephen Lipworth tried to collect against the check held by the Chapter 13 Trustee by levying on it; (2) Stephen Lipworth and his attorneys threatened Singh with criminal action; and the (3) violation of the automatic stay included the First Meeting of Creditors.  Dckt. 53.  Raj Singh sought an award of $100,000.00 in sanctions.

2.   Raj Singh provided his own declaration as the sole testimony in support of the Motion, Dckt. 64, which states in its entirety:

    a.   "I, Raj Singh, do hereby state and declare as follows:

        1.   I am petitioner and plaintiff in this action.

        2,   The trustee received a check from Franchise Tax Board as the Bankruptcy Estate of the debtor. Stephen Lipworth and his attorney tried to collect this check via Sheriff Department (see attachments). [The attachments are a notice of levy from the Sheriff's Office for the pre-petition state court judgment which Stephen Lipworth obtained against Raj Singh.] Stephen Lipworth and his attorney also threatened debtor for criminal actions if he does not pay to Stephen Lipworth.

3.   In denying the Motion For Sanctions, the court's findings and conclusions stated in the Civil Minutes (Dckt. 72) include the following:

    a.   "The court notes, as it has in various bankruptcy cases, adversary proceedings, and contested matters that the **Debtor** [Raj Singh] **is a very experience litigant in state and federal court**. The presentation of evidence in court is not a foreign concept to Mr. Singh." [Emphasis added.]

    b.   "The testimony provided by Mr. Singh is a series of legal conclusions and general allegation, rather than testimony of actual facts. Mr. Singh does testify that the check held by the Trustee is a check which is in the name of this Debtor. This has previously been identified by the Chapter 13 Trustee and the Debtor as an unscheduled tax refund paid by the Franchise Tax Board. The payee on this refund is one of the aliases used by the Debtor."

    c.   "Creditor Stephen Lipworth attempted to collect the check held by the Trustee pursuant to a Writ of Execution. (Decl. of Stephen Lipworth 1 :25-26, 3:4-15, Oct. 4, 2010) Mr. Lipworth scheduled the attempted levy by the Sheriff to occur shortly after when he expected this case to be dismissed. (*Id.* at 3:4-15.) Mr. Lipworth and his counsel incorrectly assumed that this court would just routinely dismiss another of Mr. Singh's bankruptcy cases in which he has failed to prosecute a reorganization. Such an assumption was ill-founded."

    d.   "Upon learning that the court did not routinely dismiss this Chapter 13 case, Mr. Lipworth attempted to stop the levy by the Sheriff, but he was unsuccessful. (*Id.* at 4: 16-20; Decl. of Steven Finley 2: 16-26, Oct. 4,

2010.) The Sacramento County Sheriff contacted the Chapter 13 Trustee in an attempt to levy on the unscheduled asset, the Franchise Tax Board refund, being held by the Trustee. The attempted levy was rebuffed by the Trustee."

e.  "Debtor has not shown that he suffered damages from the alleged violation."

f.  "The court has reviewed the forty (40) page reply filed by the Debtor. **This reply** [filed by Raj Singh] **addresses an issue determined in state court concerning the Debtor using the names Suman Mehta and Kaus Singh and to reargue issues in prior bankruptcy cases.** This reply also raises other, new issues beyond the undisclosed asset of the estate, Franchise Tax Board check which was sent to the Chapter 13 Trustee." [Emphasis added.]

g.  "At the hearing on this motion the Debtor made reference to having requested a transcript from the First Meeting of Creditors that he asserts bears on a contention that improper threats were made to him for this creditor. The court does not have before it evidence of such threats or evidence of any other alleged violations of the automatic stay."

D.  Motion For Sanctions For Violating Automatic Stay – Relief Sought Against Chapter 13 Trustee. DCN: RS-5, Dckt. 76. Faced with the ruling of the court at the hearing, Raj Singh sought to "withdraw" the Motion after oral argument.

1.  In the Motion Raj Singh alleges that Raj Singh did not give or contribute any money for the Franchise Tax Board Check. Therefore, Raj Singh contends he has no interest in the check. Based thereon, Raj Singh contends that the check should be returned to the California Franchise Tax Board.

2.  The court's findings and conclusions in denying the Motion are stated in the Civil Minutes (Dckt. 135),which include:

a.  "In this case the California Franchise Tax Board sent a check to the Chapter 13 Trustee for a tax refund due the Debtor. The check was issued in the name of the Debtor. The trustee has held the check in his trust account pending a determination of who is entitled to the money, if not the Debtor." (The Chapter 13 Trustee commenced an interpleader action, *discussed infra*, for the court to determine who was entitled to the monies. As in this Motion, Raj Singh professed to have no interest in the check.)

b.  "No person has come forward to his court to claim any interest in or right to the check, other than Stephen Lipworth, as a judgment creditor of the Debtor."

Page 6

c.    "The Debtor now argues that he had and has not interest in the check. Though the Debtor alleges this and states it in the current declaration, no other party has come forward to assert any interest in the check. The California Franchise Tax Board has made some determination that the money represented by the check does belong to the Debtor and in its official capacity so made the payment to the Chapter 13 Trustee."

d.    "The Debtor does not allege any violation of the automatic stay. If his allegations are taken as true, he has no interest in the check or money the check represents. Therefore, no automatic stay ever went into effect.  See 11 U.S.C. 362(a), which provides for an automatic stay as to the Debtor, property of the Debtor, and property of the Estate. The Debtor expressly alleges that the check and money is (1) not property of the Debtor, (2) not property of the Estate, and (3) the Debtor has no right to the check."

e.    "At the hearing the Debtor stated on the record that he did not claim any interest in or believe that the monies represented by the check were property of the bankruptcy estate."

E.    Motion for Sanctions for Violation of Automatic Stay - Relief Sought Against Wells Fargo Bank.  DCN: RS-6, Dckt. 112.

1.    In this Motion, Raj Singh alleged that Wells Fargo Bank asserts that Raj Singh lived at 1625 28th Street and Raj Singh asserts he does not live there, but lives 4304 Swiss Court. Wells Fargo Bank wants to evict Raj Singh from 4303 Swiss Court.

2.    In denying the Motion, the court's findings and conclusions (Dckt. 169) include the following:

a.    "The court accepting as true every allegation in the Motion and statements in the declaration, the **Debtor** [Raj Singh] **has failed to state a claim for sanctions against Wells Fargo Bank and the unnamed attorney (even if the Debtor served Wells Fargo Bank and the unnamed attorney with the Motion.**"  [Emphasis added.]

b.    "In his petition filed in the instant bankruptcy case, the Debtor states under penalty of perjury that he resides at 1625 28th Street, Sacramento, California. Docket Control No.1. He has not filed a change of residence with the court. The 28th Street address is the same as he has listed in the multiple bankruptcy cases he has previously filed with this court."

c.    "On Schedule C filed in this case the Debtor has claimed under penalty of perjury the 1625 28th Street property as exempt in the amount of

Page 7

$146,450, which amount reflects a homestead exemption. (Dckt. 16.) To claim a homestead exemption, the Debtor must reside in the property. Cal. Civ. Proc. Code §§703.140(b)(1), 704.710(c). In the Statement of Financial Affairs the Debtor stated under penalty of perjury that his only residence has been 1625 28th Street during the period 1996-2010. (Question 15, Dckt. 19.)"

    d.    "The Debtor has stated under penalty of perjury that he has no interest in the Swiss Court property as of the commencement of this case and that it is not property of the estate. **There is no evidence presented to the court that the Debtor** [Raj Singh] **has any post-petition interest in the Swiss Court property or how the Debtor asserts that the automatic stay has been violated.**" [Emphasis added.]

    e.    "For this Debtor, two prior cases were pending and dismissed in the one year period preceding the April 2, 2010 commencement of the current case. No automatic stay went into effect in this case." [11 U.S.C. § 362(c)(4).]

    f.    "Additionally, the Debtor has not sought and did not obtain an order to extend the stay, to the extent he contends one existed, as required under 11 U.S.C. § 362(c)(3)."

F.    Motion for Sanctions For Violation of Automatic Stay – Relief Sought Against City of Sacramento. DCN: RS-7, Dckt. 126.

    1.    In this Motion, Raj Singh alleged that the City of Sacramento in issuing parking tickets, attempting to collect parking tickets, and towing vehicles violated the automatic stay. Raj Singh requested $100,000.00 in sanctions be awarded against the City and an unnamed attorney.

    2.    In denying the Motion, the court's findings and conclusions stated in the Civil Minutes (Dckt. 161) include the following:

        a.    "Mr. Singh does not detail the City's collection actions other than the towing of his vehicles. After the vehicles were towed, the City refused to release the vehicles until Mr. Singh paid the appropriate fines and fees."

        b.    "In a supplemental filing (Dckt. 145), Mr. Singh notes that he was advised by Jerry Hicks, an attorney with the Sacramento City Attorney's Office, that the enforcement of the City's parking ordinance was not affected by the automatic stay."

        c.    "Mr. Singh accuses Mr. Hicks of having a vendetta against him after Mr. Singh's purported victory in a suit against the City for a violation of the

Americans with Disabilities Act, 42 U.S.C. §§12101 et seq., and for 'deserting the poor.'" [No such litigation, judgment, or proceeds of such a judgment have been disclosed in any of Raj Singh's bankruptcy cases.]

d.    "To the extent that the Debtor has accurately stated the holdings of the cases [which Raj Singh had presented to the court] and that they represent current law, no basis has been shown for determining that a violation of the stay has occurred for a governmental entity enforcing criminal laws and ordinances."

e.    "Here, the City of Sacramento is enforcing its parking ordinance to protect the health and safety of the public. The Debtor has offered no evidence to the contrary. In fact, Debtor offered only the following substantive evidence in his declaration: "Despite of my several attempts, the City of Sacramento does not want to consider any Bankruptcy Law for the enforcement of parking tickets and for towing the vehicles." (Decl. of Raj Singh 1:16-18, Dckt. 127, Dec. 3, 2010.)"

f.    " The Ninth Circuit has articulated two alternative tests to determine if the exception of 11 U.S.C. §362(b) (4) applies. *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1123-1124 (9th Cir. 2006). Satisfaction of either test exempts the action from the reach of the automatic stay. *Id.* at 1124. The first test is the 'pecuniary purpose' test and the second is the 'public policy' test. *Id.* at 1124. The court concludes that the City of Sacramento's actions are permissible under either test."

g.    "Under either test, no violation of the automatic stay has occurred. The actions taken by the City of Sacramento were exempt from the automatic stay." [Though not part of this decision, as stated in connection with another motion, there was no automatic stay due to Raj Singh's prior multiple filings.  11 U.S.C. § 362(c)(4).]

h.    "With respect to the present motion the certificate of Service filed by the Debtor lists Karen Singh (whom the Debtor represents is his ex-wife), the U.S. Trustee, the Chapter 13 trustee, Stephen Lipworth (a judgment creditor), and Stephen Finley (attorney for Stephen Lipworth). **Conspicuously absent from the list [certificate of service] is the City of Sacramento, the Debtor's target of sanctions for the alleged violation of the automatic stay.**"  [Emphasis added.]

G.    Motion for Sanctions For Violation of Automatic Stay – Relief Sought Against City of Sacramento.  DCN: RS-10, Dckt. 163.  These are the same allegations as asserted in

DCN: RS-7, which the court denied.[1]

1.    In this Motion, Raj Singh reasserted that the City of Sacramento issued parking tickets, towed vehicles, and enforce parking ticket obligations in violation of the automatic stay.

2.    In denying the Motion, the court's findings and conclusions stated in the Civil Minutes (Dckt. 177) include the following:

    a.    "While the motion was mailed to Sacramento City Hall, it was not addressed to the attention of clerk, secretary, president, presiding officer, or other head of the City's governing body as required by the Rule and California Law. Cf. *In re Schoon*, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993) (requiring literal compliance with Federal Rule of Bankruptcy Procedure 7004); *Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453, 457 (Bankr. E.D. Va. 1995) (holding that strict compliance with Federal Rule of Bankruptcy Procedure 7004 protects due process rights)."

    b.    "The Ninth Circuit has articulated two alternative tests to determine if the exception of 11 U.S.C. § 362(b)(4) applies. *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1123-1124 (9th Cir. 2006). satisfaction of either test exempts the action from the reach of the automatic stay. *Id.* at 1124. The first test is the "pecuniary purpose" test and the second is the "public policy" test. *Id.* at 1124."

    c.    "Under either test, no violation of the automatic stay has occurred. The actions taken by the City of Sacramento were exempt from the automatic stay."

    d.    "For this Debtor, two prior cases were pending and dismissed in the one year period preceding the April 2, 2010, commencement of the current case. No automatic stay went into effect in this case." [11 U.S.C. § 362(c)(4)]

    e.    "Additionally, the Debtor has not sought and did not obtain an order to

---

[1] Even though Raj Singh was provided with a detailed analysis of the proper law and the court's ruling on the merits, to the extent that he believed he could re-litigate the issue because he now served the party he was attacking, the City of Sacramento, he merely copied and reasserted the same defective arguments. Rather than attempting to prevail on the merits, this demonstrates Raj Singh's abusive, improper use of the judicial process. Further, notwithstanding his extensive litigation experience (for which he asserted that his successes has led the City to seek to punish him), he once again failed to properly serve the Motion.

extend the stay, to the extent he contends one existed, as required under 11
U.S.C. § 362 (c) (3)."

# IV.
## 09-02810, Adversary Proceeding *Raj Singh v. Stephen Lipworth*

A.  Filed................December 16, 2009

B.  Dismissed............April 13, 2010

C.  The court's Memorandum Opinion and Decision (09-2810, Dckt. 45) determining that
dismissal, without prejudice, the Adversary Proceeding includes the following findings
and conclusions of the court:

    1.   "Neither the complaint nor the Oppositions state how Singh asserts any rights
with respect to the Duplex that were effected by Lipworth's conduct in the state
court action."

    2.   "In the present case, to the extent that the Complaint is based on Singh seeking a
determination of whether Kaus Singh, Suman Mehta, or Lipworth have interests
in the Duplex, Singh is not asserting a legally protected interest he has relating to
the Duplex or the issue of ownership. Singh merely is attempting to assert or
vindicate rights of others. Singh affirmatively states that he has no right to or
interest in the Duplex."

    3.   "When the required elements of fraud are compared with the pleading
requirements of Rule 9(b), it becomes clear that Singh does not adequately plead a
claim for fraud."

    4.   "As drafted and explained in the Oppositions, the Complaint not only fails to
allege, but affirmative pleads that Singh does not satisfy several of the necessary
elements to assert a claim for fraud. Additionally, these affirmative pleadings
demonstrate that Singh does not have standing because he is not attempting to
assert rights he has or address wrongs done to him."

    5.   "The Original and Further Oppositions filed by Singh state that Singh is seeking
to have this bankruptcy court right the various wrongs Singh perceives having
been done by Lipworth to the state courts and other federal courts (though the
federal courts which have been the subject of the alleged wrongdoing are not
identified). While Singh is seeking a declaration from this court that Raj Singh is
not Suman Mehta, Singh admits that Lipworth 'proved in State Courts that Raj
Singh is Suman Mehta.'"

    6.   **"What Singh is clearly attempting to do from the plain language of his
Complaint in this Adversary Proceeding is to have this bankruptcy court**

**'overrule' what has been determined in state court."** [Emphasis added.]

In addition to the dismissal of the Adversary Proceeding, Stephen Lipworth requested that the court impose a pre-filing review for any further filings by Raj Singh. The court determined that it would not issue such an order at that time.

## V.
## 10-02231, Adversary Proceeding *Raj Singh v. Karen Singh* - Judgement for Defendant Karen Singh.

In this Adversary Proceeding Raj Singh sued Karen Singh, who as been identified as either Raj Singh's wife or his ex-wife. In the Complaint against Karen Singh, Raj Singh alleges that Karen Singh is a creditor. 10-02231, Dckt. 1. Further, that Karen Singh is "is informed that Raj Singh is Kaus Singh and Suman Mehta." *Id.,* ¶ 4. Thereon, Raj Singh then requested a declaration from the court that "Raj Singh is neither Kaus Singh nor Suman Mehta." *Id.,* ¶ 5.

Karen Singh did not respond to the Complaint and the court conducted a hearing on the motion for entry of default judgment on July 13, 2010. After hearing the testimony of Raj Singh and Karen Singh, the court determined that entry of judgment for Defendant Karen Singh was proper. *Id.;* Order, Dckt. 21. The testimony of Karen Singh at the hearing was that she never contended that Raj Singh was, or used the aliases of Kaus Singh or Suman Mehta. Karen Singh testified that she never asserted that Raj Singh was either Kaus Singh or Suman Mehta. The court's findings of fact and conclusions of law are stated on the record, for which no transcript has been obtained by Raj Singh.

After the judgment for Karen Singh was entered; *Id.,* Dckt. 22; Raj Singh filed a motion for reconsideration of the order. *Id.,* Dckt. 25. The motion for reconsideration alleges:

A.     "A declaration, that Raj Singh is neither Suman Mehta nor Kaus Singh, is necessary to decide the right amount of the debts to discharge."

B.    "Otherwise, Karen Singh demands that Raj Singh should pay the debts owed by Kaus Singh and Suman Mehta (see attached declarations)."

A declaration of Karen Singh was filed in support of the motion for reconsideration. The declaration of Karen Singh is substantially the same form, style, and language used by Raj Singh in his numerous pleading. *Id.*, Dckt. 26. In it, Karen Singh never asserts: (1) that she contends Raj Singh is either Suman Mehta or Kaus Singh, or (2) that she asserts that Raj Singh owes her any obligations, whether as either Raj Singh, Kaus Singh, or Suman Mehta. Rather than stating an actual claim or controversy for the federal courts to determine, the Declaration has the stench of Raj Singh's approach of trying to obtain orders and judgments to be used against The rights and interests of other persons he is battling, without such other persons being present or afforded the opportunity to assert their rights and interests.

The court denied the motion to reconsider. *Id.*; Order, Dckt 40. The court's findings and conclusions include the following:

A.    "[Karen Singh] further states that if the court does not make such a declaration, 'I demand that Raj Singh should pay the debts owed by Kaus Singh and Suman Mehta.' This is inconsistent with her testimony at trial [on the stand at the prove-up hearing] that she did not and does not contend that Raj Singh is either Kaus Singh or Suman Mehta. Further, Karen Singh never provided any testimony that she is owed any money by Raj Singh, Kaus Singh, or Suman Mehta."

B.    "As with Karen Singh, **Raj Singh did not provide any evidence of there being any debts owed by Kaus Singh or Suman Mehta to Karen Singh.** No explanation, other than that he chose not to have Karen Singh testify that she would demand that unspecified debts of Kaus Singh or Suman Mehta be paid by Raj Singh to her.

This is not newly discovered evidence, but at best is evidence that Raj Singh made the strategy decision not to present at the evidentiary hearing. More likely, given the unequivocal testimony under penalty of perjury by Karen Singh, it appears that this is after the fact created testimony. **The testimony is an ill-conceived attempt [by Raj Singh] to misuse the trial court process to obtain a judgment that is unwarranted based on the evidence and appears to serve no legal or**

Page 13

**legitimate purpose.**"

*Id.*; Civil Minutes, Dckt. 29.  [Emphasis added.]

# VI.
# 10-02154, Adversary Proceeding Raj Singh v. Stephen Lipworth

A.    Filed.....................March 18, 2010

B.    Dismissed.........................June 4, 2010

C.    In the Memorandum Opinion and Decision (10-2154, Dckt. 19) granting the motion to dismiss, the court states that though Raj Singh requested that the court allow for further briefing of the motion to dismiss, when granted the additional time Raj Singh immediately dismissed the Adversary Proceeding pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I) and Fed. R. Bankr. P. 7041.  The court's announced ruling for which Raj Singh requested, and was given, additional time for supplemental briefing, include the following findings and conclusions.

    1.    "Singh's basic contention is that notwithstanding the Singh's basic contention is that notwithstanding the Singh's basic contention is that notwithstanding the determinations made in the state court, what's true is true and no Singh's basic contention is that notwithstanding the determinations made in the state court, what's true is true and no  matter what the state court said, he is not Suman Mehta nor Kaus Singh. He is seeking to have a federal court make a ruling saying that he is not Suman Mehta or Kaus Singh, though Singh has not stated the purpose for such a determination."

    2.    "The court counts at least ten (10) adversary proceedings and Contested Matters (motions in bankruptcy court) in which Singh asserts that he is not Suman Mehta or Kaus Singh, nine (9) of which directly involved Lipworth. This does not include the various state court actions in which Singh asserted this against Lipworth, including the appeal before the Third District Court of Appeal in which that court determined that Singh used the names Suman Mehta and Kaus Singh with respect to the Duplex and ordered the state court to proceed with the Sheriff's sale."

    3.    "Singh does not provide any legal authorities or citations in support of his allegations that a motion to dismiss is not properly before this court as a responsive pleading to the Complaint."

    4.    "The court cannot identify, and Singh does not address in his opposition to the Motion, what 'federal homestead exemption' that Lipworth refused to apply to sell the Duplex. The court is not aware of any such 'federal homestead exemption'

which would have applied to a state court sale of property in enforcing a state court judgement."

5.   "Singh also alleges that Lipworth refused to recognize the automatic stay, but fails to allege any facts by which Lipworth 'refused to recognize' the automatic stay in Singh's bankruptcy case. The state court sale was completed prior to the commencement of this bankruptcy case by Singh, at which time an automatic stay would arise for Singh. 11 U.S.C. §362(a)."

6.   "Merely by adopting a strategy of jumping from one adversary proceeding to the next, rather than facing the issue of whether he can amend a complaint, Singh cannot avoid the consequences of failing to be able to plead a sufficient complaint in federal court."

7.   "Finally, the court also concludes that the various bankruptcy cases filed by Singh, the motions and contested matters within those cases, and the adversary proceedings show that these proceedings are in bad faith. They are part of a continuing pattern by Singh of using the state and federal courts to try and wear down Lipworth and the courts. Singh is not attempting to litigate a bona fide dispute, but use the bankruptcy proceedings and federal courts to hinder, delay, and improperly impede Lipworth as a judgment creditor. In filing his Chapter 13 cases, Singh has failed to adequately complete the Schedules and Statement of Financial Affairs. By his own admission, Singh has no regular income, which is required to be a debtor in a Chapter 13 case. See, 11 U.S.C. 109(e)."

## VII.
## Adversary Proceeding 11-2118, *Loheit v. Singh et al*; Chapter 13 Trustee Interpleader of Franchise Tax Board Refund.

A.   While Chapter 13 case 10-28544 filed Raj Singh was pending, the California Franchise Tax Board issued a tax refund in the name of "Rahgvender Singh," which it sent to the Chapter 13 Trustee as a tax refund due Raj Singh.  As shown from the pleadings and rulings, Raj Singh contended that it was not his money, demanded that the Trustee give the money to his wife, and attempted to litigate the alleged rights of third parties.

B.   The Chapter 13 Trustee commenced an interpleader action when Stephen Lipworth enforced his state court judgment by levying on the monies held by the Trustee (there being no automatic stay due to Raj Singh's repeated bankruptcy filings, 11 U.S.C. § 362(c)(4)) and the State of California demanding a return of the monies.  Adv. Pro. 11-2118.

C.   Raj Singh filed an answer to the Interpleader (11-2118, Dckt. 15), in which he alleged:

1.   "Debtor denies all the allegations...."  Singh Answer ("Ansr."), p. 1:16.5.

2.    "According to the laws, long time ago, in 2010, The Franchise Tax Board was supposed to send a check ("check") to Karen Singh. Ansr., 1:18-19.5.

3.    "Debtor [Raj Singh] did not contribute anything to this check and accordingly, this check does not belong to debtor [Raj Singh]." Ansr., 1:25-25.5.

4.    "Accordingly, all the amount of money from this check should be given to Karen Singh/Raj Singh without any delay." Ansr., 2:7-7.5.[2]

5.    "Accordingly, all the acts of all the stated persons here until now are the clear violations of the automatic stay. Any attempt to prove that any portion of the check belongs to debtor will also be a clear violation of the automatic stay." Ansr. 2:19-21.[3]

D.    Raj Singh also filed a Motion for the Money to be "Returned" and for Punitive Damages for Violation of the Automatic Stay.  11-2118, Dckt. 16.  Much of this "motion" are cut and pasted text from the Raj Singh Answer.  The allegations in the motion include:

1.    "This court can end all controversies by giving the amount of money from the check to Karen Singh/Raj Singh."     Motion ("Mtn."), p. 1:23-23.5.

2.    "According to the laws, long time ago, in 2010, The Franchise Tax Board was supposed to send a check ("check") to Karen Singh." Mtn., p. 2:1.5-3.

3.    "Debtor did not contribute anything to this check and accordingly, this check does not belong to debtor." Mtn., p. 2:9-9.5.

4.    "Accordingly, **all the amount of money from this check should be given to**

---

[2]  Raj Singh's flexibility with facts and asserting contentions is demonstrated with this simple statement.  Though professing no interest in or right to the Franchise Tax Board Refund, he demands that it be give to him.

[3]  The "Alice in Wonderland" litigation experience with Raj Singh as described by the state court arbitrator and quoted by the California Court of Appeal in the state court litigation (*Singh v. Lipworth*, C053726, 2008 Cal. App. Unpub. LEXIS 4949, *3, FN.1.) is demonstrated by these contentions. There was no automatic stay by operation of law (11 U.S.C. § 362(c)(4)) in this bankruptcy case due to Raj Singh's repeated bankruptcy filings.  Even if there was a stay, Raj Singh makes the meritless argument that such automatic stay would preclude creditors or the trustee from seeking a determination by the bankruptcy court that the refund belonged to Raj Singh and was property of the estate.  As provided in 28 U.S.C. § 1334(e), the federal courts are granted exclusive jurisdiction over all property of the estate, wherever located in the world, which includes determining what is property of the bankruptcy estate.

**Karen Singh/Raj Singh without any delay**.   Mtn., p. 2:18-19 [emphasis in original].

5.    "Debtor [Raj Singh] wants to end all controversies. If the check is given to Karen Singh/Raj Singh without any delay, debtor [Raj Singh] may withdraw this motion."  Mtn., p. 2:22:23.5.

E.    The court denied Raj Singh's Motion for the return of monies and sanctions.  11-2118; Order, Dckt. 23.  The court's findings of fact and conclusions of law stated in the Civil Minutes (11-2118, Dckt. 22) include the following:

1.    "Debtors principal argument seems to be that the court does not have jurisdiction in this matter because the main bankruptcy case has been dismissed. While the court has announced its decision to dismiss the main bankruptcy case, the court has not yet entered an order actually dismissing the case. The delay relates to the extensive findings of fact and conclusions of law in this case: the court currently preparing the final revision of this important document that outlines the courts reasoning. See generally Fed. R. Civ. P. 52."  Motion Civil Minutes ("Mtn. Civ. Min."), p. 2.

2.    "In any event, the court has jurisdiction over this core proceeding which arise in and is related to Singh's bankruptcy case. 28 U.S.C. §§ 157(b)(2)(O), 1334(a); E.D. Cal. Gen. Order 223 (Oct. 22, 1987). Even if the parent bankruptcy case had been dismissed, the court could retain jurisdiction to decide the matter. *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992). In doing so, the court must consider economy, convenience, fairness and comity .... *Id.* As this issue has not been fully briefed by the parties, and the Franchise Tax Board expressed at the courts hearing considering an order to show cause in the main bankruptcy case its strong opinion that this was the proper forum to resolve this dispute, the court declines to decide this issue at this juncture. The motion to return the funds and for a declaration is denied."  Mtn. Civ. Min., p. 2.

3.    "Debtor's [Raj Singh's] motion for sanctions for violations of the automatic stay is also denied. **As the court has previously and repeatedly addressed, there was no automatic stay in this case for any party to violate**. 11 U.S.C. § 362(c)(4)."  Mtn. Civ. Min., p. 2.  [Emphasis added.]

4.    "Additionally, the Debtor [Raj Singh] has stated numerous times in a number of pleadings he asserts that he has no interest in the monies which have been deposited with the court. In his motion the Debtor [Raj Singh] erroneously states that the court has determined that the Debtor [Raj Singh] has no interest in the check. Rather, since the Debtor [Raj Singh] has repeatedly disavowed any right to the monies, notwithstanding the State of California having determined that he was owe the refund, the court would not allow the Debtor to claim millions of dollars in sanctions for alleged violations of the automatic stay with respect to these

monies." Mtn. Civ. Min, p. 2.

5.    "In this latest motion, the Debtor [Raj Singh] now requests that the money should
be given either to Karen Singh, whom is identified as his ex-wife, or the Debtor
[Raj Singh], who contends he has no right to the monies. Karen Singh has not
brought this motion, nor has she asserted any rights in the interpleader action to
claim an interest in the monies." Mtn. Civ. Min., p. 2.

6.    "Though he is a very experienced litigant having filed multiple California
Superior Court cases, multiple appeals before the California District Court of
Appeal, multiple requests for certiorari from the California Supreme Court;
multiple bankruptcy cases, adversary proceedings, and contested matters in this
court, multiple appeals taken to the Bankruptcy Appellate Panel, appeal to the
Third Circuit Court of Appeal, appeal to the United States District Court for the
District of Delaware, and prosecution of claim in the United States Bankruptcy
Court for the District of Delaware, the Debtor has not offered any evidence in
support of his current motion. The court cannot and will not grant relief merely
because a pleading is filed asking to get paid money." Mtn. Civ. Min., p. 2-3.

F.    After having the prior motion denied, Raj Singh filed another motion requesting that the
court issue an Order to Show Cause and refer the case to the California State Bar and
American Bar Association.  11-2118, Dckt. 28.  The allegations stated by Raj Singh in the
Motion for an Order to Show Cause include the following:

1.    "Petitioner [Raj Singh] has filed with the court, a motion for an order to show
cause why Lipworth and his attorney did not have the determination of the owner
of the subject property and why they misrepresented to this court in their
declarations that Raj Singh filed Chapter 7 bankruptcies; and a request to refer
this case to the State Bar and the American Bar Association."  Motion for Order to
Show Cause ("Mtn. OSC"), p. 1:16.5-20.5.

2.    " Lipworth and his attorney misrepresented to this court in their declarations that
Raj Singh filed Chapter 7 bankruptcies (see their declarations in support of their
opposition to motion for sanctions to violate automatic stay)." Mtn. OSC, p.
2:1.5-4.

3.    **"IS IT DIFFICULT TO KNOW THAT RAJ SINGH IS NOT OTHER
PERSONS FOR YEARS?  THIS CASE SHOWS AN UNETHICAL ACT OF
FINLEY."**  Mtn. OSC, p. 2:9.5-11.5 [emphasis in original].

4.    **"THE BANKRUPTCY COURT PROVIDED THE SUBJECT PROPERTY
TO CREDITOR LIPWORTH WITHOUT HAVING ANY JURISDICTION
ON IT AND WITHOUT DECIDING THE OWNER OF THE PROPERTY.
WITHOUT A DUE PROCESS, TAKING SOMEONE'S PROPERTY IS A
ROBBERY. FURTHER, SUCH ACT IS CRIMINAL:...."** Mtn. OSC, p.

Page 18

2:12.5-17 [emphasis in original]."

5.     "Steven C. Finley proved that Raj Singh is Kaus Singh, Archana Singh and Suman Mehta. Steven C. Finley was given many proofs that Raj Singh is neither Kaus Singh nor Archana Singh nor Suman Mehta." Mtn. OSC, p. 3:7-10.5 [emphasis in original].[4]

6.     "**All this resulted in terrorism, an encouragement to terrorism, multiple lawsuits and the loss of Public confidence. Accordingly, all the requests made here are justified.**" Mtn. OSC, p. 3:11-14. [5]

7.     "**NO MATTER WHAT JUDGE SARGIS CAN NOT CHANGE RAJ SINGH INTO OTHER PERSONS. AND OTHER PERSONS SHOULD NOT SUFFER ANYMORE. IN ORDER TO RESTORE PUBLIC FAITH, THE REQUESTED RELIEF IS JUSTIFIED. Petitioner requested dismissal in order to avoid the bitter truth.**" Mtn. OSC, p. 4:1-5.5 (emphasis in original).

G.     The court denied Raj Singh's Motion for an Order to Show Cause. Order, Dckt. 37. The court's findings and conclusions are stated in the Civil Minutes ("Mtn. OSC Civ. Min."), Dckt. 36, and include the following:

1.     "Debtors motion is not directed at the Plaintiff [the Chapter 13 Trustee] of this Adversary Proceeding. Thus, the motion is not a responsive pleading filed pursuant to Federal Rule of Bankruptcy Procedure 7012. Nor could the pleading be considered a new complaint joined in the instant proceeding as a counterclaim pursuant to Federal Rule of Procedure 13(a) or 13(b), as made applicable by Federal Rule of Bankruptcy Procedure 7013."

Mtn. OSC Civ. Min., p. 2.

2.     "In this adversary proceeding, the subject matter of the original action is the ownership of the funds received by the Chapter 13 Trustee from the Franchise Tax

---

[4]  In this allegation, Raj Singh admits that Mr. Lipworth's attorney "proved" to the satisfaction of the state court that Raj Singh uses the alias of Kaus Singh, Archana Singh, and Suman Mehta. This was "proved" notwithstanding Raj Singh presenting his "many proofs" to the contrary.

[5]  This is indicative of the unsupported hyperbole which is common in Raj Singh's pleadings. The court has included excerpts of such hyperbole from Raj Singh's pleadings filed in this Bankruptcy Court and the United States District Court in the Appendix attached to this Ruling.

Board. The actions of Debtors Co-Defendant in an unrelated proceeding do not arise out of the subject matter of this action: ownership of the subject funds. Debtors motion is unrelated to the original action and cannot be joined as a cross-claim in this adversary Proceeding."

Mtn. OSC Civ. Min., p. 2.

3.  "The Debtor has failed to provide any evidence in support of the Motion. **Rather, the pleading identified as a motion focuses on the fight the Debtor waged and lost years ago in state court a determination that he used the names Suman Mehta and Kaus Singh to hold title to certain real property.**" [Emphasis added.]

Mtn. OSC Civ. Min., p. 2.

4.  "The state court ordered that the Sacramento County Sheriff sell the property as part of the enforcement of a judgment which Stephen Lipworth obtained against the Debtor. The Debtor's [Raj Singh's] own motion states it clearly, Stephen C. Finley [the attorney for Stephen Lipworth] proved that Raj Singh is Kaus Singh, Archana Singh and Suman Mehta.  Singh Motion, pg. 3:7-8. **That order enforcing the judgment became a final order years ago, from which no appeal was taken by the Debtor** [Raj Singh]." [Emphasis added.]

Mtn. OSC Civ. Min., p. 2.

5.  "Much of the current Motion appears to be portions of prior pleadings filed in the multiple bankruptcy cases, contested matters, and adversary proceedings filed by the Debtor. Many arguments are will-o-the- wisp contentions which are not supported by evidence, tethered by the law, or built upon a logical foundation. As was stated in *Singh v. Stephen Lipworth*, 2008 Cal. App. Unpub. LEXIS 4949 (2008), Footnote 1, to which the court was cited by the Debtor [Raj Singh],

> "The arbitrator's award begins with the following statement, which aptly characterizes respondent's litigation style in this proceeding as well: 'Coming to grips with Claimant's [Raj Singh's] (Respondent's) claims in this matter has proved to require entry into an Alice-in-Wonderland world where rigid rules, fabricated principally from disconnected scraps of legal principle and doubtful if not disreputable practices, are sought to be applied with draconian certainty to factual assertions **built upon Claimant's [Raj Singh's] fervent assertions of truth, most made without regard to glaring gaps in allegation, proof or both.** Of the assertions thus made that are in any way material **to Claimant's [Raj Singh's] claims in this matter** and that have not clearly been waived, virtually all that are disputed by (U-Save) **are either**

Page 20

utterly implausible or downright incredible, and none finds
support in the credible evidence. [P] There are also a troubling
number of instances, in or related to this proceeding, in which
there is every appearance that Claimant [Raj Singh] has sought
to benefit from trickery of various kinds. Some of these
instances are presented in [U-Save]'s documentary evidence . . .;
others have taken place within  the personal perception of the
arbitrator in the course of this proceeding.'"

Mtn. OSC Civ. Min., p. 2.

6.     "The Debtor's [Raj Singh's] pleading style and litigation strategy have continued
       in the federal courts.

              The motion, unsupported by fact or law, is denied."

Mtn. OSC Civ. Min., p. 2.

H.     Motion to Set Aside Default Against Karen Singh; ("Mtn. Raj for Karen") 11-2118, Dckt.
       62; filed by Raj Singh. The allegations in the Motion filed by Raj Singh to litigate for
       Karen Singh, who did not appear in the Adversary Proceeding, include the following:

       1.     "The clerk entered the default against Karen Singh on the request of Lipworth.
              The clerk's duty is ministerial. Thus, the clerk is not allowed to enter the default
              against any defendant [here Karen Singh] on the request of another defendant
              [here Lipworth]."

       Mtn. Raj for Karen, p.1:17.5-20.5.

       2.     "The default against Karen Singh is prejudicial to Karen Singh, Raj Singh and
              other defendants."

       Mtn. Raj for Karen, p. 1:23.5-24.

       3.     "Judge Sargis has gone too far to help Lipworth. Lipworth need not to even
              request or argue in the bankruptcy court. Judge Sargis argues for Lipworth. Judge
              Sargis nullifies the arguments of other defendants considering them as
              inconsistent theories or so on."

       Mtn. Raj for Karen, p. 2:2.5-5.5.

I.     The court denied Raj Singh's motion to set aside the default of Karen Singh.  Order,
       Dckt. 85; with the court's findings and conclusions stated in the Civil Minutes ("Raj for
       Karen Civ. Min."), Dckt. 88.  The court's findings and conclusions include the following:

1. "Defendant Raj Singh lacks standing to move to set aside default entered against Defendant Karen Singh. Bankruptcy Rule 7055 and F.R.C.P. 50 (c) and Bankruptcy Rule 9024 and F.R.C.P. 60(b)."

   Raj for Karen Civ. Min., p. 1.

2. "In order to determine a party's standing in the bankruptcy context, two inquiries are required. First, the court must determine whether the party has constitutional standing, i.e. whether the party has suffered sufficient injury to satisfy the case or controversy requirement of Article III. *In re Jackson* 451 B.R. 24, 27 (Bkrtcy. E.D. Cal. 2011) If the movant does not satisfy the first inquiry, the court lacks subject matter jurisdiction to hear the matter. Second, the court must determine whether the party has prudential standing, i.e. whether the party is properly able to assert a particular claim. *In re Jackson,* 451 B.R. at 28."

   Raj for Karen Civ. Min, p. 1-2.

3. "Here, movant satisfies neither of the two inquiries. On October 18, 2011, default was entered only against Defendant Karen Singh for failure to answer to the complaint filed by Plaintiff Trustee on February 22, 2011 (Dckt. 61). By entering default against another Defendant, the rights of Defendant Raj Singh were not violated. Defendant Raj Singh cannot claim to be personally injured by this court. It rather appears that Defendant Raj Singh attempts to raise another persons rights, which is generally prohibited."

   Raj for Karen Civ. Min., p. 2.

4. "It is significant that Karen Singh has chosen not to appear in these proceedings. Karen Singh has been before this court on one occasion in connection with Adversary Proceeding No. 10-2231. In that case, **Raj Singh sued Karen Singh for declaratory relief, seeking a determination from this court that he was not Suman Mehta (Karen Singh's sister) or Klaus Singh (Raj Singh's brother).** Karen Singh was called as a witness at the prove up hearing for entry of a default judgment against her on the declaratory relief action. When called to testify, **Karen Singh was surprised that she was actually a defendant in the lawsuit, acknowledging it only after she looked at, and received a nod from, Raj Singh.** For her testimony, **Karen Singh credibly testified that she did not assert, and had not asserted, that Raj Singh was her sister, Suman Mehta, or Raj Singh's brother, Klaus Singh.** The court concludes that, just as with her testimony previously before this court, **Karen Singh has not answered the Complaint or asserted a right to the funds because she has no such right.**"

   Raj for Karen Civ. Min., p. 2. [Emphasis added.]

J.   Pursuant to the Motion of Stephen Lipworth, the court entered a judgment against Raj

Singh, determining that he was not entitled to receive payment of any portion of the monies held by the Chapter 13 Trustee.  Order, Dckt. 84. The courts findings and conclusions stated in the Civil Minutes for the hearing on the Motion ("Raj Jdgt. Civ. Min."), Dckt. 98, include the following:

1.    " Karen Singh Answer: No Answer was filed by Karen Singh and she has not asserted any right to the monies deposited with the court pursuant to this interpleader."

      Raj. Jdgt. Civ. Min., p. 3.

2.    "Raj Singh Answer: Raj Singh has filed an Answer in this Adversary Proceeding. The Answer does not admit or deny the allegations asserted in the Complaint as required by Fed. R. civ. P. 8 and Fed. R. Bankr. P. 7008."

      Raj Jdgt. Civ. Min., p. 3.

3.    "Raj Singh is proceeding in *pro se* and the court give him the benefit of the doubt in considering his pleading. However, **it must also be recognized that Raj Singh is an experienced pro se litigant before the California Superior Court (Civil Division and Family Law Division), the California Court of Appeal, the united State Bankruptcy Court for the Eastern District of California, the united States Bankruptcy Court for the District of Delaware, and the united States District Court for the District of Delaware (sitting as the appellate court from the bankruptcy court)."** [Emphasis added.]

      Raj Jdgt. Civ. Min., p. 3.

4.    "The court accepts that Raj Singh has intentionally pled his Answer in the matter filed with the court and will consider whether he asserts any right to the check."

      Raj Jdgt. Civ. Min, p. 3.

5.    "Raj Singh has not clearly asserted that he has a right to the check and that his right is superior to the FTB, EDD, or Stephen Lipworth. Instead, he has pled that their rights are invalid because they violate the automatic stay (which, as a matter of law, does not exist in his bankruptcy case, EDC. Case No. 10-28544). At best, his Answer alleges that the tax refund should have been paid to Karen Singh, and he attempts to assert the rights of another person in his answer. Dckt. 15."

      Raj Jdgt. Civ. Min., pg. 4.

6.    **"Raj Singh, in filing his answer, continues in a long pattern in this federal court and numerous state court proceeding in which he asserts that Lipworth should not be entitled to enforce his judgment because property of Raj Singh**

Page 23

**actually belongs to other persons.** The state courts have rejected these contentions, and in one case found that Raj Singh violated the orders of the Superior Court by obtaining an order (which was subsequently vacated) in a purported dissolution action with Karen Singh that Raj Singh's property was owned by a third-party." [Emphasis added.]

Raj Jdgt. Civ. Min., p. 4.

7.   "As previously addressed by this court, **after more than a year of observing Raj Singh as he prosecuted multiple bankruptcy cases, contested matters and adversary proceedings, his concept of the truth is fluid, and his testimony is whatever he believes will advance his interests in the matter before the court.**" [Emphasis added.]

Raj Jdgt. Civ. Min., p. 5.

8.   "In his answer Debtor [Raj Singh] plainly admits that "Debtor did not contribute anything to this check and accordingly, this check does not belong to debtor." Debtor's Answer p. 1, Dckt. 15. Debtor only claims that "this check should be given to Karen Singh/Raj Singh without any delay" when he alleges that this court does not have jurisdiction over the case without asserting an entitlement regarding the money. The court interprets this pleading to state that the monies should be paid to Karen Singh."

Raj Jdgt. Civ. Min., p. 6.

9.       "Debtor further disclaims to have any right regarding the tax return money by stating that it possibly belongs to the estate ("If any portion of this check belongs to the Debtor, it will be the part of the bankruptcy estate." Debtor's Answer p. 2, Dckt. 15.).  At no point in his answer does Debtor unmistakably claim to be entitled to the tax return money.

          Rather, he affirmatively states that he is not entitled to the check, which constitutes an admission that he has no claim regarding the tax return money."

Raj Jdgt. Civ. Min., p. 6.

10.  "Raj Singh, has unequivocally admitted in his answer that he does not claim any interest in the $13,881.68. Instead, he contends that a third-party, who has chosen not to assert any such interest, should be entitled to the funds. He is not entitled to defeat the interests of the State of California and Stephen Lipworth by asserting purported rights of parties who are not before the court. Judgment shall be entered against Raj Singh as he has stated in his answer."

Raj Jdgt. Civ. Min., p. 6.

# VIII.
# Bankruptcy Appeals

In addition to his litigation at the bankruptcy court, Raj Singh also filed appeals from the rulings which he believed incorrect.  These appeals include the following.

A.    **Raj Singh v. David Cusick, et al., Bankruptcy Appellate Panel of the Ninth Circuit, No. 11-1700 ("BAP 11-1700").**  11-2118, Dckt. 110.  The Bankruptcy Appellate Panel Affirmed the judgment of the bankruptcy court determining that Raj Singh did not have an interest in the proceeds of the California Franchise Tax Board refund.

1.    "Mr. Singh is no stranger to this Panel. Over the past three years he has filed the following appeals:"

    a.    BAP No. EC-10-1116 - Raj Singh v. Lawrence Loheit, et al.

        "The appeal was from the dismissal of the case on the trustee's motion for unreasonable delay prejudicial to creditors. The appeal itself was dismissed after Mr. Singh failed to file his opening brief. Mr. Singh's motion to reopen the appeal was denied by the motions panel upon a finding that Mr. Singh had 'not provided any good reason why the brief was not filed earlier or why this appeal should be reinstated."

    b.    BAP No. EC-10-1290 - Raj Singh v. Lawrence Loheit, et al.  This was an appeal of the bankruptcy court judgment for Karen Singh in the Adversary Proceeding where Raj Singh sought a judgment that he was not Suman Mehta or Kaus Singh.  Though the merits panel notified Raj Singh that a transcript of the hearing was required,

        "Mr. Singh responded that no transcript was necessary. He appeared at argument. The Panel issued a decision on the merits via a memorandum dismissing the appeal based on a deficient record. Mr. Singh appealed to the 9th Circuit, which denied his request to proceed in *forma pauperis*. When Mr. Singh failed to meet the deadline to pay the filing fee, the circuit dismissed his appeal."

    c.    BAP No. EC-10-1471 - *Raj Singh v. Lawrence Loheit, et al.*

        "On November 30, 2010, Mr. Singh filed a notice of appeal from the alleged dismissal of his second bankruptcy case.

> The clerk's notice when the documents were forwarded to the BAP indicated that no dismissal order had been signed. The BAP clerk issued an order advising Mr. Singh that unless he obtained a signed order from the bankruptcy court, the appeal would be dismissed for lack of jurisdiction. No order was entered, and this appeal was dismissed." [The order was subsequently entered and the subject of BAP No. EC-12-1036.]

    d.      BAP No. EC-12-1036 - Raj Singh v. David Cusick, et al.

> "The bankruptcy court ultimately entered its order on the Trustee's 2010 motion to dismiss on December 21, 2011. Mr. Singh filed his notice of appeal from that order on January 13, 2012. The appeal was dismissed as untimely on March 30, 2012. The BAP later denied Mr. Singh's motion for reconsideration. His further appeal to the 9th Circuit was dismissed after Mr. Singh again failed to pay his filing fee."

BAP Nos. 11-1700, p. 2:20-22, 3:1-26, 4:1-1-19.

2.    "Mr. Singh Had No Standing To Seek To Vacate the Default Entered Against Ms. Singh...The burden was on Mr. Singh to establish an exception to the general rule that a party cannot assert the rights of third persons. We will not assume that former spouses have a sufficient relationship to allow one to "advocate" on behalf of another. Further, Mr. Singh did not provide evidence of any "obstacle" to Ms. Singh's ability to assert her own rights. To the contrary, the bankruptcy court recited on the record that Ms. Singh had participated in her own behalf in an earlier proceeding.

BAP 11-1700; p. 15:18-18.5, 16:4-11

3.    "However, setting aside Ms. Singh's default would not have furthered this goal; Ms. Singh did not file an answer and thereby did not make herself available for participation in the proceedings. Mr. Singh's concerns about prejudice to him notwithstanding, there was no way for the Interpleader Action to move forward unless Ms. Singh either appeared or was defaulted. [FN] 8

> [FN] 8. In fact, the only 'prejudice' to Mr. Singh in not vacating the default is that the Interpleader Action was allowed to reach resolution."

BAP 11-1700; p. 16:17-25.5, 17:25.5-26.

4.    "In his Opening Brief, Mr. Singh asserts as his first issue on appeal only that the

bankruptcy court erred when it entered the Judgment dividing the Proceeds between the EDD and Mr. Lipworth.  However, the argument with respect to this issue on appeal is couched with repeated statements that the Proceeds should have been awarded to Mr. Singh..."

BAP 11-1700; p. 17:5-10.

5.    "Mr. Singh further appeared to argue that on dismissal all funds held by the Trustee were to be paid to the debtor. The problem for Mr. Singh in this regard is that the funds no longer were held by the Trustee, they were in the court registry, subject to the competing claims being litigated in the Interpleader Action."

BAP 11-1700; p. 18:8-13.

6.    "From his argument, it is clear that Mr. Singh believes the Judgment was entered in error only because the Proceeds were not awarded to him. Unfortunately, in his effort to keep the Proceeds from reaching Mr. Lipworth, Mr. Singh denied in his answer that he had any property interest in the Proceeds."

BAP 11-1700; p. 18:14-18.

7.    "By not making a claim to the Proceeds in his Answer, Mr. Singh waived his claim to the Proceeds, together with his right to appeal any decision that did not award the Proceeds to him."

BAP 11-1700:19:1-4.

8.    "The Panel need not, in fact cannot, address Mr. Singh's issue on appeal that the bankruptcy court erred in not determining that the Appellees violated the automatic stay.  In the Civil Minutes of the Stay Relief Motion [Raj Singh alleging a violation of the stay and seeking damages] the bankruptcy court cautioned Mr. Singh for bringing the motion in light of its prior finding in the main bankruptcy case that no automatic stay existed in the case. That determination is found in the Civil Minutes [10-28544, Dckt. 177] entered in the main case on March 15, 2011, recited here:..A civil Minute Order was entered March 17, 2011 denying the relief sought in the motion for sanctions that had initiated the civil Minutes quoted above. [Main case Docket #178] Mr. Singh did not appeal that order. He consequently waived his right to assert in any future proceeding that the automatic stay existed, and he could not legitimately claim any stay violation."

BAP 11-1700; p. 19:10-12, 20:13-18.

# IX.
## Transcript From Hearing on Pre-Filing Review Order to Show Cause

A copy of the Transcript from the hearing on the court's pre-filing review Order to Show cause ("Trans. OSC") has been filed in this case. Dckt. 172. The court's findings and conclusions, as well as the statements of Raj Singh include the following:

A.     "THE COURT: What conceivable bankruptcy emergency do you foresee out there?

MR. SINGH: Emergency in the sense that -- just like eviction. I face that.

THE COURT: But you don't file bankruptcy just to stop something from happening. You file bankruptcy to either confirm a plan, to proceed with a reorganization, to liquidate assets. And looking at your schedules that you have repeatedly filed, you have no debt other than, apparently, Mr. Lipworth or Karen Singh, depending upon which generation of schedules one looks at.

MR. SINGH: No. What I am trying to say is, in the future eviction, you can file bankruptcy to stop evictions.

THE COURT: No. People file bankruptcy to afford themselves of bankruptcy relief. Not so that eviction may be delayed. But you filing bankruptcy solely to stop an eviction is not a proper use of bankruptcy."

Trans. OSC, p. 10:21-22, 11:1-12

B.     "THE COURT: **Mr. Singh, I find that your conduct in this court is that of a vexatious litigant.** You are doing in this court what you have done for a good decade in the state court. **There are a number of decisions in which the trial courts and the Court of Appeal have found you to be a vexatious litigant.** There are cases in which they have found you to be Klaus Singh, the person you stand in court and claim you're not. They have found you to use as an alias Santus Anali and Suman Meta (phonetic). **They** [State Courts] **have said that you clearly engage in a pattern of aliases, solely for the purpose of confusing the court and the other parties. It's the same type of thing that I have now seen for a year in this court.** [Emphasis added.]

Trans. OSC; p. 12:22-25, 13:1-8.

C.     "THE COURT: You came in here [this bankruptcy court] with a clean slate and you have proven yourself. You have filed motion after motion that have absolutely no merit. You file motions and don't serve the other party. You came in requesting a billion dollars against the City of Sacramento and didn't bother to serve them. When I say "didn't bother to serve them," I have your certificate of service under penalty of perjury of who you served. You are here today with a suit on Wells Fargo and your certificate of service doesn't show them being served."

Page 28

Trans. OSC; p. 13:15-22.

D.      THE COURT: "**There is just case after case, decision after decision, that the litigation you have engaged in over in the state court is absolutely clear, your purpose in coming into this court, as with those courts, is nothing but to abuse your creditors.**" [Emphasis added.]

Trans. OSC; p. 14:3-1.

E.      THE COURT: "In fact, you have been in my court for a year, telling me somehow, to try to get some ruling out of me that you don't use the name Suman Meta, that you don't use the name Klaus Singh, when in state court, there are final decisions and rulings saying that you do. But you stood here in my court with a straight face telling me that, oh no, oh no, I am not. No. It's all wrong. You're trying to get a ruling out of me."

Trans. OSC; p. 14:8-15.

F.      THE COURT: "I also, in going back and looking at it, **conclude that the lawsuit, when you sued your ex-wife, if she is your ex-wife and not still your wife, Karen Singh was a sham lawsuit.** And you only got to that when you tried to sue Mr. Lipworth and you ended up getting those dismissed, and ultimately you dismissed one of those yourselves on the verge of me issuing a dismissal with prejudice." [Emphasis added.]

Trans. OSC; p. 14:16-22.

G.      THE COURT: "I suppose if I were to be punitive, I would issue a bar against you from filing for the rest of your life, but I am not going to do that because that is not the proper ruling. **The proper ruling is to issue a pre-filing review and you're going to have to get leave from the chief judge before you commence another bankruptcy case for the next eight years.** And I choose the eight-year period because, 1, Congress has said that is the time period between getting discharges in bankruptcy; and also **it is clear that you engage in an ongoing continuous litigation that can cover decades**, so for the next eight years, if you are going to file bankruptcy anywhere, you're going to get the chief judge to look at it." [Emphasis added.]

Trans. OSC; p. 14:23-25, 15:1-9.

H.      "Now, the beauty of it is, that you're going to have a chief judge, not me, looking at it, so you're going to get clearly a fair shake and I think that ameliorates any concern. Now, you might say, "Well, gee, Judge, how are you going to be fair if you are saying I'm a vexatious litigant?" It's not going to be me."

Trans. OSC; p. 15:10-15.

I.     "Secondly, your problem is you left some forms blank. **You intentionally put erroneous information in it** [Schedules and Statement of Financial Affairs] **and basically for you the truth is a very fluid concept, and it seemed to be consistent.** When I went back and read some of the cases you have cited me to at the District Court of Appeal and some of the trial court decisions, that **truth is a fluid concept for you in state court as well, and whenever it's convenient for you, is what you're going to testify to.**" [Emphasis added.]

Trans. OSC; p. 15:16-23.

J.    "One of the District Court of Appeal decisions -- no. It was the arbitrator. When you had your arbitration with Lipworth and the District Court of Appeal worked it into their decision, which basically said, 'Dealing with you [Raj Singh] was requiring the arbitrator to become like Alice in Wonderland, in a world where you had disconnected pieces of argument that you tried to weave together.'"

Trans. OSC; p. 15:24-25, 16:1-5.

# APPENDIX B
# REVIEW OF RAJ SINGH DISTRICT COURT AND CALIFORNIA COURT OF APPEAL LITIGATION  AND REPRESENTATIVE FINDINGS AND CONCLUSIONS OF LAW

This court has reviewed the files of the United States District Court for the Eastern District of California[6] and noted the following partial list of litigation[7] prosecuted by Raj Singh in

---

[6] Bankruptcy judges are a unit of the district court.  28 U.S.C. § 151.

[7] As reflected in the bankruptcy petition filed in this court, discussed *infra*, Raj Singh admits that he has "Many" (in his words)  aliases.  Petition, Dckt. 1.  In reviewing the District Court's files for parties with the name "R" Singh, the court found some files in which the plaintiff was identified as Ram Sing, and then stated to be Raghvendra Singh, and then pleadings were signed by Raj Singh.  *Ram Singh (identified in subsequent pleadings as Raj Singh) v. Mineral County et al*, E.D. Cal. 14-cv-2170.  At the hearing on the Motion to Vacate, Raj Singh admitted that he was the plaintiff in the Ram Singh District Court action.

The District Court files identify two more lawsuits filed by "Raghvendra Singh:"

A.    *Raghvendra Singh v. United States Government, E.D. Cal. 13-cv-00780*

    1.    The post-office box address used on the pleadings for "Raghvendra Singh" is the same as used on the current pleading for Raj Singh.

    2.    The signature of "Raghvendra Singh" is substantially similar to that of Raj Singh on this Motion.

    3.    Raghvendra Singh is the name used for the Plaintiff listed in the caption for the District Court action where pleadings were signed by Raj Singh as Plaintiff.

    4.    Raj Singh has a very distinctive and unique writing and pleading style, including over the top invectives, contentions, and arguments. The pleadings style used by "Ram Sing" and "Raghvendra Singh" are identical to those used by Raj Singh.

B.    *Raghvendra Singh v. United States Government*, E.D. Cal. 15-cv-01844

    1.    The same comments as to the above District Court Action apply to this action.

    2.    In ruling on the request of "Raghvendra Singh" to proceed in forma pauperis, the Magistrate Judge's findings and conclusions, for which a motion to reconsider has been filed, that the complaint in the current action was identical to the complaint in the prior action which was dismissed with prejudice.

just the past two years include the following:

# I.
## *Raj Singh and Karen Singh v. County of Sacramento et al*; **14-cv-2382.**

A.    The Third Amended Complaint (titled Second Amended Complaint); E.D. Cal. 14-2382, Dckt.11; states that Raj Singh and Karen Singh, individually and as Trustees of the Sitaram Living Trust, Plaintiffs in *pro se*, have brought the action.

B.    Raj Singh and Karen Singh allege that in 2009 they purchased real property commonly known as 4929 Baker Avenue, Sacramento, California and 4510 Stockton Blvd, Sacramento, California.

C.    That attorney Keith Oliver represents, as of the December 23, 2015 filing of the Second Amended Complaint, Raj Singh and Karen Singh.

D.    Raj Singh and Karen Singh seek damages, restitution, and punitive damages in unstated amounts.

On his Schedule A filed under penalty of perjury in his 2010 bankruptcy case, Raj Singh does not list ownership of these properties or any interest in such properties.[8]

Though the Third Amended Complaint states that in December 2015, an attorney named Keith Oliver is the attorney for Raj Singh and Karen Singh, the California State Bar reports that in February 2015, Mr. Oliver status as an attorney was ordered inactive. Mr. Oliver was subsequently disbarred in February 2016.[9]

The Ruling on Mr. Oliver's disbarment includes grounds relating to improper conduct in connection with litigation involving Raj Singh: Case Number 14-O-03666 (Judicial Sanctions Matter)

Count 17 - Respondent willfully violated section 6103 by failing to comply with a sanctions order in *Raj Singh et al. v. Stephen Lipworth*, Court of Appeal, Third Appellate District, case No. C073177 (appellate matter).

California State Bar Decision and Order of Involuntary Inactive Enrollment, Keith Robert Oliver, Member No. 257837, Case Nos. 14-O-03244-LMA (14-O-03493; 14-O-00585; 14-O-03153;

---

[8]  Bank. E.D. Cal. No. 10-28544, Dckt. 16 at 3.

[9]  http://members.calbar.ca.gov/fal/Member/Detail/257837

14-O-03666).

## II.
### *Raj Singh v. City of Sacramento*, E.D. Cal 15-cv-00997

A.    Raj Singh and Karen Singh, Plaintiffs in *pro se*, seek relief against the City of Sacramento for their individual interests and interests as co-trustees of the Sitaram Living Trust in real property commonly known as 3764 7th Avenue, Sacramento, California, 2750 Crosby Way, Sacramento, California, and 7809 Cotton Lane, Sacramento, California. 15-00997; Complaint, Dckt. 1.

    These Properties are not listed on Raj Singh's Schedules filed in his bankruptcy case. E.D. Cal. Bankr. No. 10-28544, Dckt. 16.

B.    The Complaint asserts rights dating back four year from the May 7, 2015 filing of the Complaint.

C.    Raj Singh asserted the right to recover damages in the amount of $1,000,000.00 for property damage, $27,000,00.00 for emotional distress, and $64,000,000.00 for punitive damages.

D.    The claims and rights to any such damages have not been disclosed in any of the bankruptcy cases and filings by Raj Singh since 2010.

E.    This case is being actively prosecuted by Raj Singh, with an answer by the City of Sacramento having been filed on May 17, 2016.

## III.
### *Raj Singh and Karen Singh v. Wells Fargo Bank*, E.D. Cal. 15-cv-02664.

A.    Raj Sing and Karen Singh, Plaintiffs in *pro se*, seeks relief against the City of Sacramento Wells Fargo Bank for its conduct regarding real property identified as 4304 Swiss Court, Elk Grove, California.

    This Property is not listed on Schedule A for the 2010 bankruptcy case filed by Raj Singh.[10]

B.    Raj Singh and Karen Singh seek an award of damages, restitution, and punitive damages, all in unstated amounts.

C.    Though filed on December 23, 2015, no certificate of service has been filed for the

---

[10]  E.D. Cal. Bankr. No. 10-28544, Dckt. 16.

summons and complaint.

# IV.

## *Raj Singh and Karen Singh v. Tammy Gernandes et al*, E.D. Cal. 15-cv-2663.

A.   Raj Singh and Karen Singh, Plaintiffs in pro se, seek damages of $10,000,000.00 in actual damages and unstated restitution, and punitive damages amounts.

B.   On February 17, 2016, the District Court ordered this Complaint dismissed due to lack of subject matter jurisdiction.[11]

# V.

## *Ram Singh* (identified in subsequent pleadings as Raj Singh) *v. Mineral County et al*, E.D. Cal. 14-cv-2170.

A.   Ram (Raj) Sing (Singh) filed an action seeking to enjoin Mineral County, Nevada from prosecuting a criminal action for growing marijuana on Native American Property and to obtain an award of damages against the defendants in that action.

B.   In the Original and Amended Complaints, the plaintiff also identifies himself as Raghvendra Singh.  The signatures used for Ram Singh, Raj Singh, and Raghvendra Singh are substantially the same.

C.   In the Notice of Appeal filed by Ram (Raj) Singh in this District Court Action, the Appellant Plaintiff is identified as, and the signature block so designates, Raj Singh.  14-cv-2170, Dckt. 15.

D.   In his Motion to proceed in *forma pauperis* for the appeal, the appellant is identified as, and the signature block so designates, Raj Singh.

E.   In his Second Amended Objection to Magistrate's Recommendation, the objecting plaintiff is identified as, and the signature block so designates, Raj Singh.

F.   The District Court dismissed Raj Singh's complaint for various reasons, including:

   1.   "Moreover, plaintiff's claims implicate the validity of his ongoing criminal action. To a primary extent, plaintiff is challenging ongoing criminal proceedings, and therefore this action is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971)."

   2.   "In short, here it is clear that plaintiff is seeking to have this court intervene in an

---

[11]  E.D. Cal. No. 15-cv-02663, Dckt. 10.

ongoing Nevada state criminal prosecution—precisely the type of circumstance to which Younger abstention was intended to apply. Venue is inappropriate in this district."

14-cv-02170; Order and Findings, Dckts. 13 and 5.

G.    In revoking Raj Singh's in *propria persona* status, the District court determined:

    1.    "Plaintiff's [Raj Singh's] appeal is not taken in good faith because he fails to present an 'arguable basis in fact or law' to support his position. *Id.*; Order, Dckt. 21.

# VI.
## *Raghvendra Singh v USA*,  E.D. Cal. 13-cv-00780

A.    In the Second Amended Complaint Ram Heram [Raghvendra Singh, Raj Singh] asserts that the Internal Revenue Service is trying to coerce him into paying taxes which he does not owe. Further, that asserted tax liens are illegal.

B.    The "Ram Heram" signature of the Second Amended Complaint appears to be the same as the Raj Singh signature on documents filed in this court.

C.    Though the Complaint, First Amended Complaint, and Second Amended Complaint list the name "Ram Heram" as the plaintiff,

    1.    The Notice of Appeal names as Plaintiff and is signed by Raghvendra Singh (*Id.*, Dckt. 96);

    2.    Motion to Stay Pending Appeal names as Plaintiff and  is signed by Raghvendra Singh (*Id.*, Dckt. 95);

    3.    Motion to Restrain Assessment names as Plaintiff and  is signed by Raghvendra Singh (*Id.*, Dckt. 93);

    4.    Motion For Stay and Vacate names as Plaintiff and is signed by Raghvendra Singh (*Id.*, Dckt. 95).

D.    In dismissing the Second Amended Complaint and entering judgment for Defendant, the District Court's determinations include the following:

    1.    "The procedural history of this case is somewhat muddled due to plaintiff's [Raj Singh's] numerous filings. Subsequent to the filing of defendant's motion to dismiss, plaintiff filed a second amended complaint, which the court construes as a motion to amend."

2.  "Here, plaintiff provides no allegations demonstrating that the government could not prevail under any circumstances or that he would suffer irreparable harm. Accordingly, this court is without jurisdiction to grant plaintiff the injunctive relief he seeks."

3.  "Here, granting leave and permitting plaintiff to proceed on the purported second amended complaint would be futile. The second amended complaint suffers the same infirmities as plaintiff's first amended complaint, and again seeks to challenge the IRS's tax assessments for 1998-2002 and 2008-2010."

E.D. Cal. 13-cv0780; Order and Findings, Dckt. 73.

4.  "Thus, **Plaintiff essentially seeks to relitigate the issues already resolved by the Tax Court, which are the subject of appeals pending before the Ninth Circuit. He is barred from doing so.** This Court lacks jurisdiction to review the decision of the Tax Court." [Emphasis added.]

*Id.*; Order, Dckt. 84.

# VII.
## *Raghvendra Singh v. USA*, **E.D. Cal. 15-cv-01844**

A.  In the Complaint, the *pro se* plaintiff is identified as "Raghav Singh, whose address is P.O Box 162783 - the same used as Raj Singh for some of his pleadings in his bankruptcy cases. Bankr. E.D. Cal., 10-28544. In the complaint, it is stated that the "Plaintiff's real name is Raghvendra Singh." This is one of the aliases attributed to Raj Singh in the bankruptcy cases. Complaint, E.D. Cal. 15-01844, Dckt. 1.

B.  The complaint alleges claims against the Internal Revenue Service for tax years 1998 through 2002 and for 2008 through 2010, asserting that the alleged tax obligations asserted against Raj Singh were "illegal" and "arbitrary," stating:

1.  "After the audit, IRS denied all the business expenses for these tax returns and assessed taxes considering the purchase price of a foreclosed property, 4304 Swiss Court, Elk Grove, CA." [Raj Singh has never disclosed ownership of this property and has in all of his bankruptcy filings disavowed owning any business or generating any income from any business.]

2.  "IRS collects the money in the amount IRS desires and in the way IRS desires without allowing SOME PEOPLE to litigate the tax issues with the false claim of mailing the notices by registered mails." [Emphasis in original.]

3.  **"Thus, the illegal liens from IRS caused delays in repairs and
    ultimately deaths and injuries to the public."** [Emphasis in original.]

C.  The Complaint was dismissed by the District Court on March 18, 2016. E.D. Cal. 15-cv-
    01844; Order, Dckt. 5. The court's findings and conclusions adopted in said order,
    include the following:

    1.  "The claims that plaintiff brings here have already been litigated in Singh v.
        United States, 2:13-cv-780 (E.D. Cal.). That action was dismissed in its entirety,
        with prejudice, and is now on appeal to the Ninth Circuit. The current action is
        therefore barred by res judicata. *Id.*; , Dckt. 3 at 3:12-14.

    2.  "The claims are identical, even though in the current lawsuit plaintiff has added an
        allegation that he paid the taxes for 2008 and 2009, and added two additional
        pages of hyperbole about how badly he has been treated." *Id.*, p.3:24-26.

D.  In the Notice of Appeal, the signature for "Raghvendra Singh" is substantially the same as
    Raj Singh's signature, as well as using the same mailing address as Raj Singh on all the
    pleadings. *Id.*, Dckt. 7.

# VIII.
# California District Court of Appeal
## *Singh v. Lipworth*, 227 Cal. App. 4th 813 (2014)

This court followed the State Bar thread to the California Third District Court of Appeal
decision in *Singh v. Lipworth*, 227 Cal. App. 4th 813 (2014); review denied 2014 Cal. LEXIS
7360 (Cal. 2014); cert. denied 135 S. Ct. 1180; 191 L. Ed. 2d 138; 2015 U.S. LEXIS 766 (2015).
Contrary to Singh's representations in the Motion, the highlights of the District Court of Appeal
recounting the final rulings in the California courts include the following:

A.  "A judgment entered against Raj Singh in a prior action (*Singh v. U Save Rental* (Super.
    Ct. Sacramento County, 2006, No. 00AS00602)) was assigned to Stephen Lipworth, who
    moved successfully to amend the judgment to add certain aliases of Singh, namely Kaus
    Singh and Archana Singh. (Singh v. Lipworth (June 18, 2008, C053762) [nonpub.
    opn.].)"

B.  "Thereafter, the trial court granted Lipworth's application for sale of certain property,
    which Singh had transferred to his wife, Karen Singh, who in turn transferred the property
    to Suman Mehta. **The trial court concluded, 'Mehta is yet another alias adopted by
    [Singh] in his 'identity shell game,'' set aside the fraudulent transfers, and ordered
    the property sold to enforce the judgment.** The order granting  Lipworth's application
    for sale (sale order) became final after various appeals therefrom were dismissed."
    [Emphasis added.]

C.    "The trial court ordered 'Raj Singh aka Suman Mehta' to furnish security in the amount of $15,000 and dismissed the lawsuit as to these plaintiffs when no such security was furnished."

D.    "Following the hearing, the trial court concluded, **'Mehta is yet another alias adopted by [Singh] in his 'identity shell game,**' " granted the application for sale, denied the claims of exemption and third party claim, and **set aside the transfers of the subject property from Singh to Karen, and from Karen to Mehta, finding them to constitute 'a fraud on the court.'** The sale order became final after various appeals therefrom were dismissed." [Emphasis added.]

E.    "In May 2012, Lipworth filed the invited motion. Based on the fact **Singh 'repeatedly filed unmeritorious, frivolous motions in this action,'** the trial court found him to be a vexatious litigant. (See § 391, subd. (b)(4).) The trial court also concluded **Singh had no reasonable probability of prevailing** in the litigation because **the lawsuit amounted to an impermissible collateral attack on a prior final judgment and postjudgment orders.** The trial court ordered 'Raj Singh aka Suman Mehta' to furnish security in the amount of $15,000 and dismissed the lawsuit as to these plaintiffs when no such security was furnished." [Emphasis added.]

F.    "We begin by noting **the issue of whether 'Mehta is yet another alias adopted by [Singh] ...' was finally decided against Singh in the prior lawsuit.** Singh may not relitigate this issue. **Nor may Singh relitigate the final determination that he used the alias Archana Singh.** (See *Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal. Rptr. 767, 795 P.2d 1223] [doctrine of collateral estoppel 'precludes relitigation of issues argued and decided in prior proceedings'].) And yet, this is precisely what the operative first amended complaint sought to do." [Emphasis added.]

G.    "In sum, **the [first amended complaint] is nothing more tha[n] an impermissible collateral attack on the Court's previous judgment and orders.** [Citation.] Nothing contained in Raj Singh's opposition dictates any other result as it does nothing more than simply reiterate the allegations in the [first amended complaint]." [Emphasis added.]

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*.  The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s)                                               | **Attorney for the Debtor**(s) (if any)                                                                                       |
|-------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------|
| Raj Singh<br>P.O. Box 162783<br>Sacramento, CA 95816        |                                                                                                                               |
| **Bankruptcy Trustee** (if appointed in the case)<br><br>David Cusick<br>P.O. Box 1858<br>Sacramento, CA 95812-1858 | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |