

*FOR PUBLICATION*



**FILED**

JUN 2 1 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 10-28544-E-13
)
RAJ SINGH, )
)
         Debtor. )
_____ )

### SUPPLEMENTAL MEMORANDUM OPINION AND DECISION
### DENYING MOTION TO RECONSIDER

The court's findings of facts and conclusions of law are: (1) stated orally on the record at the June 14, 2016 hearing on this Motion; (2) in this Supplemental Memorandum Opinion and Decision; and (3) in the Memorandum Opinion and Decision (Dckt. 238) of the court for Raj Singh's prior motion to vacate, which is incorporated herein in its entirety by this reference.

### MOTION TO RECONSIDER

Raj Singh filed a "Request to Reopen the Bankruptcy and for Other Relief" on May 26, 2016 ("Present Motion"). Dckt. 234. Raj Singh failed to properly notice and set the matter for hearing. The court issued an order setting the Motion for hearing for 3:00 p.m. on June 14, 2016. Dckt. 241. The Motion seeks to have the court vacate its order which requires that Raj Singh obtain prior authorization, during a specified eight-year period, from the chief bankruptcy judge in the district where he desires to file another bankruptcy case. Order, Dckt. 182 ("Prefiling Review Order").

The Present Motion states that because Raj Singh "may need to file a bankruptcy on an emergency basis," the court should: (1) modify or set aside the Pre-Filing Order; (2) reopen the Debtor's bankruptcy case; and (3) waive the fees. In support of the Motion, Raj Singh argues that

he "has no secured creditors to protect with a refiling bar." Raj Singh also asserts that the Prefiling Review Order is not narrowly tailored and does not allow for Raj Singh to file a bankruptcy in the case of an emergency. The Motion does not identify any specific "emergency" need for filing a bankruptcy, but Raj Singh assures the court that he currently "is not planning to file a bankruptcy unless it is really needed to protect his basic needs."

The court's ruling on the Present Motion ("Ruling") is that the motion is denied.

## APPLICABLE LAW

Federal Rule of Civil Procedure Rule 60(b), as made applicable by Bankruptcy Rule 9024, governs the reconsideration of a judgment or order.  Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1)    mistake, inadvertence, surprise, or excusable neglect;

(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Red. R. Civ. P. 60(b).  A Rule 60(b) motion may not be used as a substitute for a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199 (5th Cir. La. 1993).   The court uses equitable principals when applying Rule 60(b).  *See*  11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §2857 (3rd ed. 1998).  The so-called catch-all provision, Fed. R. Civ. P. 60(b)(6), is "a grand reservoir of equitable power to do justice in a particular case." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106 (4th Cir. 1979) (citations omitted).  While the other enumerated provisions of Rule 60(b) and Rule 60(b)(6) are mutually exclusive, *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 863 (1988), relief under Rule 60(b)(6) may be granted in extraordinary circumstances, *Id.* at 863 n.11.

A condition of granting relief under Rule 60(b) is that the requesting party show that there is a meritorious claim or defense.  This does not require a showing that the moving party will or is

likely to prevail in the underlying action. Rather, the party seeking the relief must allege enough facts, which if taken as true, allows the court to determine if it appears that such defense or claim could be meritorious. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 60.24[1]-[2] (3d ed. 2010); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Additionally, when reviewing a motion under Civil Rule 60(b), courts consider three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default" *Falk*, 739 F.2d at 463.

## DISCUSSION AND RULING

The court has previously addressed a prior motion by Raj Singh for the court to vacate the Prefiling Review Order. The prefiling review only requires Raj Singh to present to the chief bankruptcy judge copies of the proposed petition, schedules, and other documents for review to see if they facially appear to have been competed truthfully, honestly, and in good faith (such as information actually being provided). This is nothing more than every other debtor, including *pro se* least sophisticated consumers, does every day in every district in this Country.

The court has issued a detailed Memorandum Opinion and Decision denying the prior motion to vacate the Prefiling Review Order ("Memorandum Opinion and Decision"), Dckt. 238, and incorporates that Ruling, including the Appendix thereto, into this Ruling by this reference. The court will not further recount the history of Raj Singh's bankruptcy and non-bankruptcy filings, the applicable law, and the conclusions leading to the court denying the prior motion, as all are restated herein by incorporating that Memorandum Opinion and Decision into this Ruling.

This Present Motion was filed during the period that the court had the prior motion under submission. The court delayed issuing the Memorandum Opinion and Decision because Raj Singh had been incarcerated by a District Court Judge in the Eastern District of California ("District Court") for Raj Singh's failure to comply with an order of that court. This incarceration is addressed in the Memorandum Opinion and Decision. This court was concerned that Raj Singh's incarceration could adversely affect his ability to timely file a notice of appeal if he disagreed with the court's ruling on the prior motion. Once Raj Singh was released from custody, the court issued the Memorandum Opinion and Decision.

The court now considers the additional information and arguments of Raj Singh in ruling on the Present Motion.

### ARGUMENTS PRESENTED BY RAJ SINGH
### AT THE JUNE 14, 2016 HEARING

At the hearing on this Motion, Raj Singh advanced the argument that there could be some "emergency" for which a filing of bankruptcy could be required and having to actually prepare the schedules, statement of financial affairs, and related documents would be too burdensome. When asked, Raj Singh had difficulty in identifying any such emergency, especially in light of his statements that he has no creditors with secured claims.

The only "emergency" that Raj Singh articulated was that if he was again facing incarceration by a District Court Judge due to his failure to comply with the court's order (this was in a case involving the Internal Revenue Service seeking to enforce a more than $500,000.00 tax obligation, which Raj Singh disputes), he may be unable to prepare the documents and obtain the chief bankruptcy judge's authorization before being incarcerated by the District Court Judge. Such "emergency" is not sufficient, and is largely illusory.

As Raj Singh noted at the hearing, he anticipated the District Court Judge ordering him to be taken into custody because Raj Singh had not complied with the court's order. This incarceration was ordered after several weeks of notice of the hearing on the order to show cause. With respect to filing bankruptcy, Raj Singh had weeks to prepare these basic documents (again, which every *pro se* least sophisticated consumer prepares every day). Rather than being an emergency, it appears clear from his arguments that Raj Singh's intention is to use a skeletal bankruptcy filing (one in which no schedules or statement of financial affairs is filed with the petition) in an effort to thwart the ability of a district court judge to enforce his or her orders.

Raj Singh next advanced the argument that the Prefiling Review Order should be modified to allow him to file a bankruptcy petition without any prefiling review, so long as an attorney is listed as being involved in preparing the documents. This argument fails for several reasons. First, if Raj Singh obtained the assistance of a knowledgeable bankruptcy attorney, who in good faith actually assists in the preparation of the bankruptcy petition, schedules, and statement of financial affairs,

1    then obtaining the authorization from the chief bankruptcy judge would be quite easy for Raj Singh.

2    Such authorization can be granted on an *ex parte* basis, within hours, if the petition, schedules, and

3    statement of financial affairs facially appear to have been completed in good faith and accurately.

4    In the Memorandum Opinion and Decision, the court addresses the gross deficiencies in the multiple

5    prior filings in bankruptcy court by Raj Singh.

6         Second, Raj Singh's conduct raises the specter of whether an actual attorney would be

7    involved in the process. As addressed in the ruling of the California Court of Appeals in *Singh v.*

8    *Lipworth*, 227 Cal. App. 4th 813 (2014), such purported attorney representation of Raj Singh is

9    suspect. In that decision, the Third District Court of Appeal recounted that Raj Singh's attorney,

10    Keith Robert Oliver ("Attorney Oliver"), who was subsequently disbarred by the California Supreme

11    Court, provided testimony under penalty of perjury stating:

12      "Now it has come to my (Attorney Oliver's) attention through the Court's letter
        regarding [Singh]'s unauthorized practice of law and my facilitation of this, **that**
13        **documents in the Lipworth appeal may have been filed by [Singh], but**
        **indicating they were from me. [¶] ... [I]n the Lipworth appeal, C073177, other**
14        **than the notice of appeal and the opening brief, I have had absolutely no**
        **involvement in filings, communications with [Singh] regarding filings,**
15        **absolutely no knowledge of such filings, and I do not and did not agree to have**
        **filed or support or acquiesce to any filings, and I have not signed documents, or**
16        **seen or heard of any documents being filed on behalf of [plaintiffs]. [¶] ... If I had**
        such knowledge, I would not have agreed to have such documents filed unless they
17        were of complete propriety as I do not believe there is any need for aggressive motion
        filing in the appellate courts. It is my belief that an appeal brief can speak for itself."

18

19    *Singh v. Lipworth*, 227 Cal. App. 4th at 824 (emphasis added).

20         The Court of Appeal continues in the decision, addressing the statements of Attorney Oliver

21    at oral argument and the pleadings purported to have been prepared and filed by him with that court

22    for Raj Singh:

23      When [the Court of Appeal Justices told Attorney Oliver] that this explanation [that
        Attorney Oliver could not remember if the arguments in the appeal brief were
24        meritorious because it was filed a long time ago] was "astounding" and [at the oral
        argument] shown a copy of the opening brief, **Oliver responded: "I did not file that**
25        **brief." Oliver then denied his signature appeared on the brief**, but again admitted
        he filed the notice of appeal.

26

27    *Id.* (emphasis added). The Court of Appeal describes the Raj Singh opening brief as follows:

28      Their [named plaintiffs Raj Singh, Raj Singh using the alias Suman Mehta, and

Karen Singh] opening brief, filed by Attorney Keith R. Oliver [who denied preparing and signing the brief], is a **rambling and disjointed series of accusations, much of which was lifted word for word from pleadings filed by Singh in the trial court,** and none of which can be considered "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Indeed, the argument section of the brief contains no citations to the record at all. And the section purporting to provide "a summary of the significant facts" (Cal. Rules of Court, rule 8.204(a)(2)(C)), instead contains a paragraph of accusations without citation to the record followed by three small paragraphs setting forth the procedural history in minimalist fashion.

*Id.* at 816 (emphasis added).

The District Court of Appeal decision also quotes various sections of the pleadings filed in the trial court purportedly by an attorney for Raj Singh, which includes the following (emphasis as stated in the brief):

This case was originated when plaintiffs were unable to prove **that Raj Singh is neither Suman Mehta nor Kaus Singh for a long time**. All the defects stated in this motion are curable. Each case should be decided on merits. Lipworth should never be allowed to sell the house owned by Kaus Singh and Suman Mehta. Raj Singh is neither Kaus Singh nor Suman Mehta. This court should not help Lipworth to sell the property of Kaus Singh and Suman Mehta to satisfy judgment against Raj Singh. Plaintiffs offered many times to [Lipworth's attorney, Stephen C. Finley] to resolve this case outside the court. If attorney Finley listened to their requests, there was no need for any motion in this action. **Accordingly, no relief should be provided until this issue is resolved, otherwise it shall result in other lawsuits. Plaintiffs will take care of all the defects**.

*Id.* at 820.

Further, the District Court of Appeal quotes from an opposition purported to have been filed by an attorney for Raj Singh in response to the motion to strike Raj Singh's second amended complaint, that the sale of property order by the trial court in a prior case was:

"**ROBBERY AND TERRORISM**" because "**NO ONE SHOULD BE ALLOWED TO TAKE ANY PROPERTY WITHOUT ANY NOTICE TO THE PROPERTY OWNERS**," i.e., Singh's aliases. Plaintiffs continued: "**Using his position as an officer of the Court, Steven C. Finley proved 'untrue' as 'true' in the courts FOR YEARS**. Steven C. Finley proved that Raj Singh is Kaus Singh, Archana Singh and Suman Mehta. **All this resulted in terrorism, an encouragement to terrorism, multiple lawsuits and the loss of public confidence**."

*Id.* at 822.

In addressing what the Court of Appeal describes as a series of "frivolous motions," including requests for the trial court to ask the State Bar to investigate frauds (a similar motion was filed in *pro*

*se* by Raj Singh in this court requesting that such a request be made by this court), in which Raj Singh's attorney is purported to have filed pleadings stating that the order for the sale of property was "**ROBBERY AND TERRORISM**."

The use of words and phrases such as "**ROBBERY**," "**TERRORISM**," and "**proved 'untrue' as 'true**,'" are all consistent with the *pro se* pleadings and arguments of Raj Singh in this court and the District Court on multiple occasions. (These various cases and quotes are stated in detail in the Memorandum Opinion and Decision from the prior motion incorporated into this decision.)

This court has grave concerns with respect to allowing Raj Singh the "license" to have new bankruptcy cases filed based solely on the purported signature of a purported attorney on a bankruptcy petition. Raj Singh has demonstrated on multiple occasions that his concept of the "truth" is very flexible and is based on what he believes it to be and whatever is in his favor, "no matter what any judge orders." Raj Singh has demonstrated that he will file sham litigation (such as the one against his wife or ex-wife, Karen Singh, and motions not naming any specific party seeking a determination that he does not use the aliases which have been determined previously by final orders and judgment of the California courts) to mislead the court.

**Request to Allow Filing With**
**Court to Notify Raj Singh of Deficiencies**

Raj Singh also argues that the court could just allow him to file another bankruptcy case and the court identify the deficiencies which Raj Singh needs to correct. Then, with the court having provided Raj Singh with the direction of how to fulfill his obligation, Raj Singh will comply with whatever the judge tells him to do. First, this improperly attempts to turn the judge into Raj Singh's attorney.

Second, this "promise" by Raj Singh is not credible. Raj Singh has demonstrated on multiple occasions in this court that he will knowingly file meritless motions, even after the court has issued written rulings stating the law and why the prior motion were meritless.

Recently, pursuant to the Prefiling Review Order, Raj Singh filed a motion requesting authorization to file a bankruptcy petition. The Hon. Christopher M. Klein, a former Chief

1   Bankruptcy Judge assigned the motion, reviewed the request, issued exactly such an order in this

2   case delineating the deficiencies, setting the motion for hearing rather than merely denying the

3   motion. Order, Dckt. 221. Rather than addressing the deficiencies, Raj Singh shifted his strategy

4   to requesting that the court just drop the Prefiling Review requirement, not making any attempt to

5   address the deficiencies delineated by Judge Klein.[1] Raj Singh has demonstrated that he will not

6   comply with such an order, but will attempt to circumvent such a process.

7
    **Request to Reopen Case to Allow**
8   **Raj Singh to Sue the Internal Revenue Service**

9        Rather than any *bona fide* reason to file bankruptcy, Raj Singh may have shown his true

10  colors when he stated why he wanted the court to "reopen" his bankruptcy case. Raj Singh stated

11  that he wants his case "reopened" so he can file a new adversary proceeding and sue the Internal

12  Revenue Service, believing that they are improperly trying to collect taxes from him. However, Raj

13  Singh has repeatedly sued the United States in the District Court and lost by final judgment his

14  claims against the Internal Revenue Service and the dispute over his tax obligation which that agency

15  is attempting to collect from him. This District Court litigation is:

16       A.    *Raghvendra Singh[2] [Raj Singh alias] v. United States Government*, E.D. Cal. No.
              13-cv-00780, affrm. 631 Fed. Appx. 457 (2015).

17
         1.    Second Amended Complaint:
18
              a.    Challenges taxes for 1998, 1999, 2000, 2001, 2002, 2008, 2009, and
19                  2010;

20

21       [1]   In ruling on the motion for authorization to file another bankruptcy case (after waiting
22  until Raj Singh was released from incarceration so that he could attend the hearing and the court
    address any issues or question), Judge Klein determined that Raj Singh made no effort to correct
23  any of the deficiencies. "Mr. Singh did not comply with the April 1 Order and chose at the time
    of hearing to rest on the proposed papers presented in Docket Number 220 without correcting
24  any of the many deficiencies described in the April 1 Order." Order, Dckt. 229.
25
         [2]   Raghvendra Singh is the name used by the California Franchise Tax Board in issuing
26  a tax refund to Raj Singh in this bankruptcy and was the subject of the Adversary Proceeding in
    which Raj Singh argued that the check should be given to him or Karen Singh (his wife or ex-
27  wife) and not the bankruptcy trustee. Bankr. E.D. Cal. Adv. No. 11-02118 (which is addressed in
    the Memorandum Opinion and Decision from the prior motion which is incorporated into this
28  Ruling).

     b.    Challenges Internal Revenue Service liens, alleging that they caused "deaths and injury to the public;"

     c.    The Internal Revenue Service collection efforts were "illegal," "arbitrary," and illegal; and

     d.    Raj Singh asserts multiple claims under the Tax Code, other statutes, and the Constitution of the United States.

  2.    Judgment entered for United States on all claims. 13-cv-00780; Judgment, Order, and Findings, Dckts. 85, 84, 73.

B.    *Raghvendra Singh [Raj Singh alias] v. United States Government*, E.D. Cal. No. 15-cv-01844, appeal pending.

  1.    Second Amended Complaint:

     a.    Challenges taxes for 1998, 1999, 2000, 2001, 2002, 2008, 2009, and 2010;

     b.    Challenges Internal Revenue Service liens, alleging that they caused "deaths and injury to the public;"

     c.    The Internal Revenue Service collection efforts were "illegal," "arbitrary," and illegal;

     d.    Internal Revenue Service "robbed and killed the public;" and

     e.    Raj Singh asserts multiple claims under the Tax Code, other statutes, and the Constitution of the United States.

  2.    Judgment entered for the United States. 15-cv-01844; Judgment, Order, and Findings, Dckts. 6, 5, 3. The court's findings included that all of the claims asserted were previously determined in the favor of the United States by final judgment in E.D. Cal. No. 13-00780. The court ordered this second action dismissed with prejudice.

Raj Singh's recent incarceration by order of the District Court judge for failing to comply with the order of that court to produce records is in the action by the United States seeking to collect the tax obligations owed by Raj Singh. *United States of America v. Raghvendra Singh*, E.D. Cal. 15-cv-00287.

## DENIAL OF MOTION

Raj Singh has not shown any good grounds for vacating or modifying the Prefiling Review Order. It is carefully tailored to address his specific abusive, meritless bankruptcy case filings in this federal court. The court does not purport to require any prefiling review of any actions filed in any district court, any superior court, any state court of appeal, any bankruptcy appellate panel, any

federal court of appeal, any state supreme court, or the United States Supreme Court. The court does not require a prefiling review of any motion or adversary proceeding filed in any bankruptcy case.

Rather, the Prefiling Review Order is tailored to address one specific ill of Raj Singh's litigation strategies - the filing of incomplete bankruptcy petitions, schedules, and statement of financial affairs, which are not filed in good faith or for any bona fide bankruptcy purpose. Such improper purpose demonstrated by Raj Singh include when he stated on the record in this case that his only reason for filing was to obtain a (conflicting) ruling by this court that he was not and did not use various aliases, notwithstanding that issue having already been determined by final orders and judgment in the California Courts. (This event is addressed in the Memorandum Opinion and Decision incorporated into this Ruling.)

There are no "emergencies" which can be identified that limit Raj Singh's ability to prepare his petition, schedules, and statement of financial affairs before filing bankruptcy. Copies of the draft documents and an *ex parte* motion seeking authorization to file a new bankruptcy case can be filed, and if they appear to be facially complete and accurate, such as including all aliases and assets (which include the multiple lawsuits and claims which Raj Singh has pending in the District Court), the requested relief can be granted the same day as filed (assuming that the *ex parte* motion is not filed late in the afternoon, thus necessitating review the next business day).

In fact, Raj Singh's arguments highlight the need for the Prefiling Review, in that the only "emergency" he identified was being ordered into custody of the U.S. Marshal after failing to comply with an order of the District Court (having multiple weeks notice of the hearing on the order to show cause) and then wanting to file a bankruptcy petition to thwart the exercise of judicial power by a district court judge.

It bears repeating that under the Prefiling Review Order all that Raj Singh is required to do is honestly, truthfully, and facially accurately (such as no glaring errors such as stating that he has no personal assets such as clothing or has no expenses) complete the petition (including disclosing all of his previously admitted "Many" aliases), the schedules (including listing all of the various claims he has against other persons), and schedules (including listing all of the lawsuits). Every debtor does this and there is no reason that Raj Singh (who the court has determined is a very

intelligent man and has significant legal knowledge and experience) should not or could not comply with this simple task required by the Bankruptcy Code.

The Motion is denied.

Dated: June 21, 2016

RONALD H. SARGIS, Chief Judge
United States Bankruptcy Court

11

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| Raj Singh<br>P.O. Box 162783<br>Sacramento, CA 95816 | |
| **Bankruptcy Trustee** (if appointed in the case)<br><br>David Cusick<br>P.O. Box 1858<br>Sacramento, CA 95812-1858 | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |